DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Kenneth Greenleaf, appeals the sentence imposed upon him by the Summit County Court of Common Pleas for the commission of rape, a felony of the first degree. We affirm in part and reverse in part.
 {¶ 2} This Court previously vacated Defendant's sentence and remanded the matter for re-sentencing in accordance with R.C. 2929.14(B) as the trial court failed to make the requisite findings in order to impose a term of imprisonment exceeding the minimum term. See State v.Greenleaf, 9th Dist. No. 21016, 2002-Ohio-5256. On November 7, 2002, the trial court held a resentencing hearing. Defendant, his attorney, the prosecuting attorney, and the victim and her family were present. Upon finding that the minimum prison term would demean the seriousness of the offense and not adequately protect the public from future crimes by Defendant, a nine year prison term was again imposed. Defendant timely appealed raising one assignment of error for review.
 Assignment of Error
"The trial court erred in not conducting a full sentencing hearing upon remand for resentencing, and in failing to inform [Defendant] of matters required under R.C. 2929.19(B)(3)."
¶ 3In his sole assignment of error, Defendant maintains that the trial court erred by failing to conduct a "full evidentiary hearing upon remand" and allegedly failed to allow Defendant an opportunity to challenge or oppose the facts upon which his prison sentence was based. Additionally, Defendant contends that the court failed to inform him that he would be subject to a period of post-release control following his release from prison, in accordance with R.C. 2929.19(B)(3)(c), and also of the ramifications that would result from a violation of post-release control sanctions, as required by R.C. 2929.19(B)(3)(e). We agree in part.
 Sentencing Hearing ¶ 4R.C. 2929.19(A)(1) requires a court to hold a sentencing hearing before "resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded[.]" The offender, the prosecuting attorney and the victim or a representative of the victim, may present information relevant to the imposition of a sentence. Id. Furthermore, the court is to "inform the offender of the * * * finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon [him.]" Id. See, also, Crim.R. 32(A).
¶ 5Defendant maintains that the court erred when it failed to hold a "full evidentiary hearing upon remand, and to allow him an opportunity to challenge or oppose the alleged facts upon which a more-than-minimum sentence was being imposed[.]" However, R.C. 2929.19(A)(1) does not require that a "full evidentiary hearing" be held. When a guilty plea is accepted, the court is to proceed with sentencing under Crim.R. 32 upon determining that the plea was voluntarily and knowingly given. Crim.R. 11(B)(3) and (C). With certain exceptions, the court need not take testimony upon a plea of guilty. Crim.R. 11(C)(4). Rather, both the prosecuting attorney and defense counsel are to be provided with an opportunity to speak. Crim.R. 32(A)(1) and (2). Additionally, the defendant is to be asked "if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1).
¶ 6In the present matter, upon remand, the court conducted a hearing in which both the prosecuting attorney and defense counsel were able to present information relevant to the imposition of a sentence upon Defendant. Furthermore, Defendant was presented with an opportunity to oppose the imposition of a sentence upon him. However, he declined. Thus, as the trial court complied with the requirements of R.C. 2929.19(A)(1) and Crim.R. 32(A) when resentencing Defendant, his assignment of error, as it relates to the sentencing hearing, is overruled.
 Post-Release Control ¶ 7R.C. 2929.19(B)(3)(c) requires the trial court to notify an offender who is convicted of a first degree felony that he will be subject to a period of post-release control, pursuant to R.C. 2967.28, following his release from prison. State v. Martin (June 13, 2001), 9th Dist. No. 20292, at 4. Additionally, R.C. 2929.19(B)(3)(e) requires the lower court to notify the offender of the resulting consequences upon violation of the post-release control sanctions. Id. See also, State v.Carter, 9th Dist. No. 21212, 2003-Ohio-1131, at ¶ 9.
¶ 8In the present matter, the trial court's journal entry expressly indicates that Defendant will be subject to post-release control following his imprisonment. The court explicitly stated: "[a]fter release from prison, * * * Defendant is ordered subject to post-release control to the extent the parole board may determine as provided by law." Thus the trial court complied with R.C. 2929.19(B)(3)(c). See Martin, supra, at 4. However, the court failed to notify Defendant, pursuant to R.C. 2929.19(B)(3)(e), of the possible penalties for violating the post-release control sanctions. See id. Consequently, the matter is remanded so that the trial court may advise Defendant accordingly. Thus, Defendant's assignment of error, as it relates to the issue of post-release control, is sustained.
¶ 9Defendant's sole assignment of error, as to the absence of an instruction regarding R.C. 2929.19(B)(3)(e), is sustained. The matter is remanded for proceedings consistent with this opinion. The actual term of imprisonment is unaffected by this remand.
Whitmore, J., Batchelder, J. Concur.