JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jerold James appeals from the sentences imposed upon him following his guilty plea to three counts of felonious assault. He urges that the court erred by imposing maximum consecutive sentences upon him, and by imposing post release control upon him. We find the court did not make the findings necessary to impose consecutive sentences, nor did the court inform appellant of the consequences of violating the terms of post-release control. Therefore, we must remand for the court to make those findings and to inform appellant of those consequences.
 i. Procedural History {¶ 2} Appellant and a co-defendant were charged with eight counts of felonious assault and four counts of endangering children in an indictment filed April 29, 2003. On September 17, 2003, appellant entered a plea of guilty to three counts of felonious assault. He filed a motion to withdraw this plea, but withdrew the motion at the time of sentencing.
i. At the sentencing hearing, the prosecutor described the facts underlying the charges. He stated that appellant caused burns from an iron on the arms and legs of his girlfriend's two-year-old daughter, and gave her two black eyes, a broken pelvis, a swollen head and a distended abdomen. The child's uncle found her, barely breathing, and called for an ambulance. The mother had previously noted an iron burn on one of her children; appellant told her the iron fell on the child. She had also seen that the children had black eyes; appellant told her the children walked into a wall. The children's grandmother reported that the two-year-old child was in pain and would suffer permanent scarring. She also said that the child has nightmares and emotional trauma.
 {¶ 3} In sentencing appellant, the court stated, in pertinent part:
 {¶ 4} "I can't recall a time during the twenty years, I've seen a more monstrous crime. It's not just that it was committed, but it was committed several times. It's not just committed several times, but that you allowed it to go untreated, that you allowed the suffering of a two-year-old to go untreated for at least a month.
 {¶ 5} "And for all we know, there is every reason to believe that had it not been for the fortuitous intervention, this child would have died.
 {¶ 6} "The Court's going to make the following findings: That pursuant to 2929.12(B), the victim's age, and physical and mental condition, exacerbates extremely serious injuries in this case, clearly permanent in nature.
 {¶ 7} "That clearly she suffered serious emotional, psychological, and physical harm, that this harm was caused by the relationship she had to the victim [sic] in this case. I heard you say some words here, Mr. James, but I've not heard any genuine expression of remorse.
 {¶ 8} "The minimum if he were on these counts would demean the seriousness of the offense, and would not adequately protect the public. Moreover, the harm caused in this case was extraordinary.
 {¶ 9} "We cannot anticipate sitting here in 2003, what sort of scars, but the psychological harm that you've caused to this girl throughout her life. Consecutive sentences are, in this Court's finding, necessary to fulfill the purposes of 2929.11.
 {¶ 10} "Among the factors that the Court must consider in applying those factors contained in 2929.11, is the need to incapacitate the offender, deterring you and others from committing this sort of monstrous act in the future.
 {¶ 11} "This Court has an overriding obligation, in viewing the huge intention that was caused, this was no accident. And in viewing that high degree of intentionality, has to consider the protection of the public, the protection of other children."
 {¶ 12} The court sentenced appellant to consecutive terms of eight years' imprisonment on each count, for a total of twenty-four years' imprisonment, followed by five years of post-release control. The court then added a conclusion that "these are the worst form of the offense. Indeed the Court is constrained to imagine a more hideous form of child abuse than is evidenced in the State's exhibits 1 through 6."
 i. Law and Analysis {¶ 13} In his second assigned error, appellant argues that the court erred by imposing the maximum sentences without stating its reasons for doing so. Pursuant to R.C. 2929.14(C), "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C.2929.19(B)(2)(d) requires the court to state its reasons for imposing the maximum term.
 {¶ 14} Appellant concedes (as he must) that the court made the requisite finding that appellant committed the worst form of the offense, but he asserts that "the court did not properly align that finding with adequate reasons to impose the maximum prison sentence." The court was not obligated to place side by side its findings and the reasons for its findings. See State v.Cotrell, Cuyahoga App. No. 82870, 2003-Ohio-627, ¶ 76 (findings and reasons for imposing consecutive sentences). The court's finding that appellant committed the worst form of the offense is amply supported by the facts, which the common pleas court variously described as "monstrous" and "hideous," that he burned and struck a two-year-old child, intentionally causing multiple severe and permanent injuries to her on more than one occasion, and allowed her to suffer for over a month with these various injuries without obtaining medical attention for her. Therefore, we overrule the second assignment of error.
 {¶ 15} In his first assignment of error, appellant contends that the court erred by imposing consecutive sentences upon him. He argues that the court did not make the findings necessary to impose consecutive sentences under R.C. 2929.14(E)(4). R.C.2929.14(E)(4) provides that,
 {¶ 16} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 17} "* * *
 {¶ 18} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."
 {¶ 19} R.C. 2929.19(B)(2)(c) requires the court to state its reasons for imposing consecutive sentences.
 {¶ 20} Although the court need not use the exact words of the statute, it must be clear on the record that the court made the required findings. See, e.g., State v. Robinson, Cuyahoga App. No. 81610, 2003-Ohio-1353, ¶ 17. It is not clear on this record that the court made the findings required to impose consecutive sentences in this case. The court clearly found that consecutive sentences were necessary to protect the public. However, we are unable to associate any of the court's findings with the statutory requirement that the court find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Furthermore, while the court determined that maximum
terms of imprisonment were needed because of the seriousness of the offenses, there is no indication in the record that the court found that consecutive sentences were needed because "no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct."
 {¶ 21} The horrific, painful, life-threatening, and permanent injuries appellant repeatedly inflicted on a defenseless two-year old child who had been left in his care, and his denial of any responsibility in having caused these injuries even after he pleaded guilty to the charges, amply support these findings and the consecutive sentences that were imposed upon appellant — and more, if that were possible. The common pleas court simply failed to make its findings explicit. Pursuant to R.C. 2953.08, "[i]f the sentencing court was required to make the findings required by * * * division (E)(4) of section 2929.14, * * * and if the sentencing court failed to state the required findings on the record, the court hearing an appeal * * * shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." Therefore, we must remand this case for the court to make its findings and state its reasons for those findings on the record.
 {¶ 22} Finally, appellant argues that the court did not properly advise him of the consequences of violating post-release control either at the plea hearing or at sentencing. The state concedes that appellant was not notified of the consequences of violating post-release control, as required by R.C. 2943.032(E) and 2929.19(B)(3)(e). However, the state questions the remedy appellant proposes, that this court should vacate the portion of the sentencing imposing post-release control.
 {¶ 23} At both the plea hearing and the sentencing hearing, the common pleas court informed appellant that five years' post-release control was part of his sentence. "Therefore, the inclusion of post-release control in the judgment entry did not impose a sentence that had not been imposed at the hearing."State v. Davis, Cuyahoga App. No. 83033, 2004-Ohio-1908, ¶ 22. For this reason, appellant's request that we vacate the term of post-release control imposed upon him is an inappropriate remedy. Nonetheless, we remand for the limited purpose of allowing the court to inform appellant of the potential consequences of violating post-release control, as required by R.C.2929.19(B)(3)(e). See State v. Greenleaf, Summit App. No. 21370, 2003-Ohio-5901, ¶ 8; State v. Rivers, Cuyahoga App. No. 81929, 2003-Ohio-3670, ¶ 41.
 {¶ 24} Remanded with instructions.
 {¶ 25} This cause is remanded to the common pleas court with instructions for the court to make findings and state its reasons for imposing consecutive sentences upon appellant, and to inform appellant of the potential consequences of violating post-release control, consistent with this opinion.
 {¶ 26} It is, therefore, considered that said appellant recover of said appellee his costs herein.
 {¶ 27} It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
 {¶ 28} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. concurs in part and dissents in part (seeseparate concurring and dissenting opinion)
 Sweeney, J. concurs (see separate concurring opinion)