JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Jerold James ("James"), appeals from his resentencing. In 2003, James pled guilty to three counts of felonious assault and was sentenced by the trial court to eight years in prison on each count, to run consecutive, for a total prison term of 24 years. On appeal, this court remanded the matter to the trial court for resentencing and, in particular to the instant appeal, to make the required findings necessary to impose consecutive sentences. State v. James, Cuyahoga App. No. 83803, 2004-Ohio-5030, ¶ 1. Pursuant to the remand, the trial court held a resentencing hearing and sentenced James to the same eight years in prison on each count, to run consecutive, for a total prison term of 24 years. James now appeals, citing two assignments of error.
 I. {¶ 2} James contends in his first assignment of error that the trial court denied him due process of law by failing to conduct an impartial resentencing hearing. He argues that the trial court did not treat the resentencing hearing "anew" when it reimposed the original 24 year prison sentence. However, James' argument is without merit.
 {¶ 3} At a resentencing hearing, the trial court must consider all relevant factors and make all applicable findings in imposing its sentence. It is mandatory that the relevant findings and supporting reasons are addressed and considered both in relation to one another and in their totality. State v. House, Cuyahoga App. No. 80939, 2002-Ohio-7227, ¶ 15. It is insufficient for the trial court to simply reimpose a sentence without complying with R.C. 2929.19(A)(1); that is, allowing "the offender, the prosecuting attorney, the victim or the victim's representative * * * and, with the approval of the court, any other person * * * to present information relevant to the imposition of sentence in the case." In addition, the trial court:
 {¶ 4} "shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender." R.C.2929.19(A)(1).
 {¶ 5} Here, the trial court adhered to the mandates of R.C.2929.19(A)(1) when it resentenced James to the original 24 year prison term. The state provided the trial court with a summary of the assaults James inflicted on the two-year-old victim and Detective Ross of the Cleveland police department gave a detailed description of the burn wounds, black eyes, swollen head, broken pelvis, and distended abdomen the victim suffered at the hands of her babysitter — James. Detective Ross also informed the trial court that many of the victim's wounds are permanent. James' counsel spoke at the resentencing hearing, requesting that the trial court impose less than the maximum prison terms. Finally, James addressed the trial court, stating that he is a first-time offender and that the only reason he agreed to plead guilty was that he hoped to receive a lesser prison sentence.
 {¶ 6} After considering the information presented to it, the trial court found that the "harm in this case was grave and unusual" and reasoned as follows:
 {¶ 7} "that the horrific, painful, life-threatening and permanent injuries that Mr. James, [the defendant], repeatedly inflicted on a defenseless two year old child who had been left in his care, and his denial * * * of any responsibility of having caused these injuries, even after having pled guilty to them, support the finding that consecutive sentences in this case are necessary and fulfill the statutory purposes, and are not disproportionate to the seriousness of the offender's conduct and to protect the public."
 {¶ 8} Simply because the trial court reached the same conclusion at James' resentencing and sentenced him to the original 24 year prison term does not render the resentencing hearing unfair. Thus, James' first assignment of error is overruled.
 II. {¶ 9} James argues in his second assignment of error that the trial court erred by sentencing him to the maximum prison sentence because the sentence was not based on facts found by a jury or admitted by him. In particular, James asserts that his sentence violates his Sixth Amendment right to a jury trial, as construed by the United States Supreme Court inBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. However, James' assertion is without merit.
 {¶ 10} This court conclusively held in State v. Atkins-Boozer,
Cuyahoga App. No. 84151, 2005-Ohio-2666, ¶ 30, that R.C. 2929.14(B), which provides the instances where the trial court may impose more than the minimum sentence, "is constitutional and does not implicate the Sixth Amendment as construed in Blakely." See, also, State v. Lett,161 Ohio App.3d 274, 2005-Ohio-2665, ¶¶ 25 and 47, 829 N.E.2d 1281
(holding that the trial court's imposition of maximum and consecutive sentences do not implicate the Sixth Amendment as construed in Blakely.)
 {¶ 11} Here, it is clear from the record that the trial court believed the shortest prison term would demean the seriousness of James' conduct, which was depicted in explicit photographs, when it imposed the maximum sentence for his three counts of felonious assault on his two-year-old victim. Because James' Sixth Amendment right to a jury trial was not violated when the trial court imposed the maximum eight year prison term on the three counts, his second assignment of error is overruled and his sentence is affirmed. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Gallagher, J., Concur.