JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, state of Ohio, appeals sentencing of appellee, Kevin Payne, by the Cuyahoga County Court of Common Pleas, to a term of community control sanctions for six counts of robbery. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Payne was charged with six counts of robbery in violation of R.C. 2911.02, all felonies of the second degree. Each count involved a separate victim. Payne entered a plea of guilty to the robbery charges, and the court accepted the plea. Pursuant to the court's journal entry, filed February 24, 2005, sentencing was originally scheduled for March 16, 2005 at 10:00 a.m. There are no journal or docket entries in the record reflecting that the sentencing date was changed. The sentencing hearing did not occur until March 31, 2005, at which hearing the court indicated the defendant and his counsel were present. The state was not present. The trial court proceeded to sentence Payne to 60 months of community control sanctions.
 {¶ 3} The state has appealed, raising one assignment of error for our review that provides as follows:
 {¶ 4} "I: The court denied the state and the victims the statutory right to appear at and speak at sentencing causing the court to improperly overcome the presumption in favor of incarceration."
 {¶ 5} As an initial matter, we note that counsel for the state has appended an affidavit to the appellate brief in support of its appellate argument. We are unable, however, to consider the affidavit because a reviewing court cannot add matter to the record that was not a part of the trial court's proceedings.State v. Ishmail (1978), 54 Ohio St.2d 402; Sweeney v. Petro
(May 18, 2000), Cuyahoga App. No. 75580; State v. Jarvis (Feb. 5, 1999), Hamilton App. No. C-980210; see, also, App.R. 9.
 {¶ 6} The state argues that it and the victims were denied the right to be present and to speak at the sentencing hearing. Further, the state argues it was thereby prevented from providing evidence demonstrating that aggravating factors would have outweighed the mitigating factors for purposes of sentencing Payne.
 {¶ 7} The state claims it was informed by the trial court's substitute bailiff that the sentencing hearing of March 31, 2005 was being continued, but then the court actually conducted the hearing on March 31 without notifying the state that the hearing was going to go forward.
 {¶ 8} Although there are no entries reflecting the change in the original sentencing date of March 16, 2005 to March 31, 2005, a reviewing court indulges in a presumption of regularity of the proceedings below. Hartt v. Munobe, 67 Ohio St.3d 3, 7, 1993-Ohio-177; State v. Marcus, Cuyahoga App. No. 79768, 2002-Ohio-970. Here, the state concedes that it was notified of the March 31 sentencing hearing. However, the state claims it was informed by a substitute bailiff that the March 31 hearing was being postponed. There are no facts in the record showing that this occurred.
 {¶ 9} The transcript reflects that the sentencing hearing did take place on March 31, 2005, during the morning session. We have no evidence in the record before us that we can consider that reflects any of the dialogue that occurred between the trial court staff and the prosecutor or the victims in this case. Consequently, we must presume regularity in the proceedings regarding the hearing date and the manner in which the hearing proceeded as scheduled.[1]
 {¶ 10} We note that the language under R.C. 2929.19(A)(1) states a prosecutor or victim "may present information relevant to the imposition of sentence in the case." (Emphasis added.) This does not absolutely mandate a court to hear or accept this evidence. Nevertheless, R.C. 2929.19(A)(1) also references R.C.2930.14(A). R.C. 2930.14(A) provides that "before imposing sentence upon a defendant * * * for the commission of a crime * * *, the court shall permit the victim of the crime to make a statement." (Emphasis added.) Under R.C. 2930.14(B), this statement shall be considered by the court along with other factors that the court is required to consider in imposing sentence. State v. Ridenour (1998), 128 Ohio App.3d 134. This certainly indicates that had the victims been present, they would have been entitled to speak.
 {¶ 11} Unfortunately, the procedural record in this case impacts this court's ability to review the assigned error. The sentencing hearing took place on March 31, 2005. According to the prosecutor, he was notified, albeit after the fact, that on that date the sentencing hearing had gone forward. The journal entry was not signed and received for filing until April 6, 2005 and was not formally filed until April 7, 2005, a full week after the sentencing. Had the prosecutor filed a motion containing an affidavit reflecting the assertions the state attempts to raise here, this court would have the claimed error properly before it. Further, we note that the prosecutor's office failed to appeal the underlying sentence.[2]
 {¶ 12} The court indicated that the defendant and his counsel were present. No mention was made as to the state. The record reflects Payne was sentenced to community control sanctions. Since this sentence was not appealed, we presume regularity and find it was imposed in accordance with the law.
 {¶ 13} Finding no error in the proceedings below, we overrule the state's sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Kilbane, J., concur.
[1] Nevertheless, we note the prosecutor asserts that this was a highly irregular proceeding. The prosecutor claims he was initially informed the sentencing would be continued. Consequently, the prosecutor states, he released the victims, advising them the case would be rescheduled. However, the sentencing went forward on the original date. The prosecutor further claims a message was left on his voicemail; however, he states that it was retrieved after the fact.
[2] The defendant pled guilty to six separate counts of robbery under R.C. 2911.02, all felonies of the second degree carrying potential terms of imprisonment of two to eight years, with a presumption of incarceration. The court did not impose a prison term, but rather imposed a 60-month community control sanction. Although counsel for Payne maintains the record supports the court's decision to impose a community control sanction as opposed to prison, we decline to adopt this position, as the issue of the appropriateness of the sentence was not formally appealed and is not before this court.