[Cite as *State v. Thompson*, 2011-Ohio-1802.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95282**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# BOBBY THOMPSON

DEFENDANT-APPELLANT

**JUDGMENT:**
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-486467

**BEFORE:**    Blackmon, J., Kilbane, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    April 14, 2011

**APPELLANT**

Bobby Thompson, Pro Se
North Central Correctional Institution
P.O. Box 1812
Marion, Ohio 43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

T. Allan Regas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶ 1} Appellant Bobby Thompson appeals, pro se, the trial court's denial of his motion to vacate a void judgment and assigns the following errors for our review:

> "I. Defendant's sentence is void because judgment entry does not state that defendant could receive up to half of his sentence in sanction for violations of postrelease control as stated in R.C. 2967.28(F)(3) *State v. Simpkins*, (2008), 117 Ohio St.3d 420, 884 N.E.2d 568."

> "II. Defendant was denied due process and equal protection under the law when he was denied copy of transcript; *Greene v. Brigano*, (6th Cir.1997), 123 F.3d 917; U.S. Const. Amend. 14 OH Rules App.Proc.R. 16(A)(7),(D)."

**{¶ 2}** Having reviewed the record and pertinent law, we reverse the trial court's decision, modify Thompson's sentence, and remand for the limited purpose of correcting the journal entry. The apposite facts follow.

**{¶ 3}** On April 12, 2007, following a jury trial, Thompson was convicted of rape and subsequently determined to be a sexual predator. On May 22, 2007, the trial court sentenced Thompson to seven years of imprisonment and advised him that he was subject to five years of postrelease control. Thompson appealed his conviction, which we affirmed in *State v. Thompson*, Cuyahoga App. No. 89965, 2008-Ohio-3019.

**{¶ 4}** On May 17, 2010, Thompson filed a motion to vacate the judgment as void on the grounds that the trial court's sentencing entry did not indicate the penalty for violating postrelease control. On May 20, 2010, the trial court denied Thompson's motion to vacate void judgment. Thompson now appeals.

## Postrelease Control

**{¶ 5}** In the first assigned error, Thompson argues his sentence is void and should be vacated because the trial court failed to advise him that he could be returned to prison for up to half of his original sentence if he violated postrelease control. The record confirms Thompson's claim and the state concedes his claim.[1]

---

[1] R.C. 2929.19(B)(3)(c) requires the trial court to notify an offender who is

{¶ 6} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court recently recognized that appellate courts do not have to remand a sentence that includes an improper period of postrelease control, calling remand "just one arrow in the quiver." Id. at ¶29. Instead, it acknowledged that an appellate court's discretion to correct "a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." Id. Indeed, the Supreme Court explained, "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence[,]" in cases where "a trial judge does not impose postrelease control in accordance with statutorily mandated terms." Id. at ¶30.

{¶ 7} Consequently, under R.C. 2953.08(G)(2), we modify and correct Thompson's postrelease control to apprise him of the penalty for violating same and remand to the trial court with instructions to correct the sentencing

---

convicted of a first degree felony that he will be subject to a period of postrelease control, pursuant to R.C. 2967.28, following his release from prison. *State v. Greenleaf*, 9th Dist. No. 21370, 2003-Ohio-5901. Additionally, R.C. 2929.19(B)(3)(e) requires the lower court to notify the offender of the resulting consequences upon violation of the postrelease control sanctions. Id. See, also, *State v. Wells*, Cuyahoga App. No. 94956, 2011-Ohio-723. (Advising defendant that violation of the conditions of postrelease control may result in the Parole Board imposing a prison term of up to one-half of the stated prison term originally imposed.)

entry to reflect this advisement. Accordingly, we sustain the first assigned error.

{¶ 8} Our disposition of the first assigned error renders the remaining error moot.

{¶ 9} Judgment reversed, sentence is modified, and case remanded. Upon remand, the trial court is instructed to correct the sentencing entries to reflect the proper advisement regarding the penalty for violating postrelease control.

It is ordered that appellant recover of appellee its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR