[Cite as *State v. Collier*, 2011-Ohio-6154.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95572

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOUGLAS COLLIER

DEFENDANT-APPELLANT

---

## JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-534548
Application for Reopening
Motion No. 447247

**RELEASE DATE:** November 30, 2011

**FOR APPELLANT**

Douglas Collier, pro se
Inmate No. 590-984
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio   43950


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}   Douglas Collier has filed a timely application for reopening pursuant to App.R. 26(B).   Collier is attempting to reopen the appellate judgment rendered in *State v. Collier*, Cuyahoga App. No. 95572, 2011-Ohio-2791, which affirmed his conviction and sentence of incarceration for the offenses of pandering sexually oriented matter involving a minor, importuning, and possessing criminal tools.   We decline to reopen Collier's original appeal.

{¶ 2}   In order to establish a claim of ineffective assistance of appellate counsel, Collier must demonstrate that appellate counsel's performance was deficient and that, but

for his deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Collier must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 3} "In *State v. Reed* [supra, at 535] we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, at 25.

{¶ 4} It is also well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. *Jones v. Barnes*, supra; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶ 5} In *Strickland*, the United States Supreme Court also stated that a court's scrutiny of an attorney's work must be deferential. The court further stated that it is too

tempting for a defendant/appellant to second-guess his attorney after conviction and appeal and that it would be all to easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. Finally, the United States Supreme Court has firmly established that appellate counsel possesses the discretion to decide which issues are of greatest importance and that appellate counsel must be allowed to winnow out weaker arguments on appeal while focusing on one central issue or, at most, a few key issues. *Jones v. Barnes*, supra.

**{¶ 6}** In the case sub judice, Collier raises two proposed assignments of error in support of his claim of ineffective assistance of appellate counsel:

**{¶ 7}** "Trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution for failing move to suppress or object to evidence having nothing to do with the crimes charge, which permitted the state to improperly tar the appellant as a degenerate and prejudice his lifestyle and character during the pivotal sentencing phase of proceedings."

**{¶ 8}** "Appellant's counsel provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article 1, Section 10 of the

Ohio Constitution for failing to request a delay from this honorable court in light of the recent decision in House Bill 86 that re-instates the language in ORC § 292914(E)."

{¶ 9} Through his first proposed assignment of error, Collier argues that he was prejudiced by appellate counsel's failure to argue on appeal that he was prejudiced by trial counsel's omission to file "a motion to suppress the evidence unassociated (sic) with the crimes charged." Appellate counsel, however, was not permitted to raise on appeal the failure to file a motion to suppress because Collier entered a plea of guilty to the offenses of pandering sexually oriented matter involving a minor, importuning, and possessing criminal tools. A plea of guilty waives the right to challenge a conviction on the ground that a motion to suppress should have been granted and constitutes a waiver of alleged errors by the trial court in not suppressing evidence. *State v. Elliot* (1993), 86 Ohio App.3d 792, 621 N.E.2d 1272; *State v. Bogan*, Cuyahoga App. No. 84468, 2005-Ohio-3412; *State v. Shabazz* (Dec. 30, 1993), Cuyahoga App. No. 63826; *State v. Johnson* (Aug. 28, 1997), Cuyahoga App. No. 70889. In addition, R.C. 2929.19(A) permits a prosecutor, during the sentencing hearing, to "present information relevant to the imposition of sentence in the case." The information presented by the prosecutor during the sentencing hearing was relevant to the imposition of sentence, and the sentence imposed fell within the allowable sentencing range. *State v. Maas*, Greene App. No. 06-CA-117, 2007-Ohio-6265; *State v. Payne*, Cuyahoga App. No. 86367, 2006-Ohio-2085; *State v. James*, Cuyahoga App. No. 85638, 2005-Ohio-5562. Thus,

Collier has failed to establish that he was prejudiced by appellate counsel's failure to raise the issue of suppression of evidence on appeal.

{¶ 10} Through his second proposed assignment of error, Collier argues that appellate counsel was ineffective on appeal by failing to anticipate a change in the law that potentially affected the sentence imposed by the trial court. Specifically, Collier argues that appellate counsel should have sought a delay of consideration of his appeal so that the change in R.C. 2929.14(E), with regard to the imposition of consecutive sentences of incarceration, would have resulted in a reversal of the consecutive sentence of incarceration imposed by the trial court.

{¶ 11} Appellate counsel is not ineffective for failing to anticipate future changes in the law and argue such changes on appeal. *State v. Williams* (1991), 74 Ohio App.3d 686, 600 N.E.2d 298; *State v. Sharp*, Cuyahoga App. No. 87709, 2008-Ohio-5096. In addition, Collier has failed to provide this court with any legal authority that demonstrates that appellate counsel possesses a duty to anticipate future changes in the law. Finally, Collier has failed to present any evidence that the trial court would not have imposed a consecutive sentence of incarceration had he been sentenced under the legislative revision that occurred in R.C. 2929.14(E). The record before this court clearly supports the judgment of the trial court to impose consecutive sentences of incarceration under the previous version or the revision of R.C. 292914(E) vis-a-vis the predatory nature of the offenses committed by Collier upon a minor child. Thus, Collier has failed to establish

ineffective assistance of appellate counsel through his second proposed assignment of error.

{¶ 12} Accordingly, the application for reopening is denied.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR