[Cite as *State v. Hart*, **2020-Ohio-1640.**]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ANTHONY L. HART, II, | : | Case No. 2019 CA 0086 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Richland County
Court of Common Pleas, Case No.
2016 CR 0691


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        April 21, 2020


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

GARY BISHOP        DOMINIC L. MANGO
Prosecuting Attorney        Mango Law Office
Richland County, Ohio        43 S. Franklin Street
Delaware, Ohio 43015
JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 S. Park Street
Mansfield, Ohio 44902

*Baldwin, J.*

{¶1}    Defendant-appellant Anthony L. Hart, II appeals his conviction and sentence from the Richland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On December 9, 2016, the Richland County Grand Jury indicted appellant on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, one count of robbery in violation of R.C. 2911.02(A)(1), a felony of the  second degree, two counts of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), felonies of the fourth degree, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree. The indictment also contained two firearm specifications. At his arraignment on July 12, 2018, appellant entered a plea of not guilty to the charges.

{¶3}    Subsequently, a jury trial commenced on August 19, 2019.  At the trial, Kara Ward testified that she had been employed at the Circle K convenience store on Lexington Avenue in Richland County and was working on October 31, 2016.  She testified that she was cleaning the store a little after 9:00 p.m. and another woman named Tammie Marshall was running the register when a man with a hood came inside. They asked him to remove his hood because it was protocol and the man complied. Ward testified that when she looked up, she saw the man had his gun pulled on Tammie and said "Don't call anybody. The gun is cocked." Trial Transcript at 60. The man took all of the available money which was $150.00 in cash. A surveillance video of the incident, which was taken from the store, was played at trial. Ward identified appellant at trial as the man from the video. She testified

that she saw appellant's face during the incident and that the gun was never pointed at her.

{¶4} Tammie Marshall testified that she was working the 2:00 to 10:00 p.m. shift on October 31, 2016 and that appellant approached the counter where she was standing and asked for cigarettes. When she turned around to ask appellant what kind of cigarettes he wanted, he had a gun in his right hand and demanded money. Appellant told her that the gun was cocked and to not try anything. Marshall testified that she was not going to find out if the gun was loaded. She testified that approximately $40.00 was in her register drawer. Marshall testified that appellant was a few feet away from her and that she could see him. After appellant left, Kara Ward rushed to the front door and locked it.

{¶5} The surveillance footage of the robbery was circulated among local law enforcement and one of them was able to identify appellant. Both Marshall and Ward picked appellant out of photo lineups.

{¶6} Prior to trial, appellant had mailed an ex parte letter to the trial court, stating that he wished to plead guilty on the condition that he receive a sentence of three years concurrent time that would amount to only six months of additional prison time on top of the sentence that he was serving at the time. The letter was signed by appellant and included his social security number, date of birth, case number and trial date. It was admitted over defense counsel's' objection.

{¶7} The jury, on August 21, 2019, found appellant guilty of all counts and specifications except Count Three (carrying a concealed weapon). Defense counsel argued that the aggravated robbery and robbery offenses were allied offenses of similar

imported R.C. 2941.25 and should merge. However, the trial court declined to merge the offenses.

{¶8} The trial court, pursuant to a Sentencing Entry filed on August 26, 2019, sentenced appellant to an aggregate prison sentence of 27 years. Appellant also was ordered to pay restitution in the amount of $150.00.

{¶9} Appellant now raises the following assignments of error on appeal:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS AND PRIVILEGE AGAINST SELF-INCRIMINATION CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CONSTITUTION ARTICLE I, SECTION 10 WHEN IT ADMITTED INTO EVIDENCE THE EX PARTE LETTER TO THE COURT PURPORTEDLY WRITTEN BY APPELLANT AND MAILED FROM THE RICHLAND COUNTY JAIL."

{¶11} "II. THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT FAILED TO MERGE THE AGGRAVATED ROBBERY AND ROBBERY COUNTS WHICH ARE ALLIED OFFENSE OF SIMILAR IMPORT AND THEREBY VIOLATED APPELLANT'S RIGHTS UNDER THE DOUBLE JEOPARDY DUE PROCESS AND EQUAL PROTECTION CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS AND REVISED CODE SECTION 2941.25."

{¶12} "III. THE RECORD DOES NOT SUPPORT THAT THE TRIAL COURT PROPERLY CONSIDERED R.C. [SECTION] 2929.11 AND R.C. [SECTION] 2929.12 BEFORE IMPOSING CONSECUTIVE AMD MAXIMUM SENTENCES AND REVEALS THAT THE TRIAL COURT FAILED TO ENGAGE IN A MEANINGFUL

PROPORTIONALITY ANALYSIS PRIOR TO IMPOSING 27 YEARS FOR NONVIOLENT, FELONY CONVICTIONS; THUS, THE SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO OHIO SENTENCING LAW."

I

{¶13} Appellant, in his first assignment of error, argues that the trial court erred in admitting into evidence, over objection, appellant's ex parte letter. In the letter, appellant said that he wished to plead guilty on the condition that he receive a sentence of three years concurrent time that would amount to only six months of additional prison time on top of the sentence that he was serving at the time.

{¶14} Appellant argues, in part, that the letter was improperly authenticated and therefore inadmissible. "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991). An abuse of discretion is more than a mere error in judgment; it is a "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748. When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Id.* Absent an abuse of discretion resulting in material prejudice to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967).

{¶15} Generally, "[a] condition precedent to the admissibility of documents is that documents must be authenticated or identified." (Citations omitted.) *State v. Wynn*, 2nd Dist. Montgomery No. 25097, 2014-Ohio-420, ¶ 74, citing *In Re Adoption of H.M.F.*, 2nd

Dist. Montgomery No. 22805, 2009–Ohio–1947, ¶ 26. Authentication or identification "is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). The purpose behind authentication is to connect the particular piece of evidence sought to be introduced to the facts in the case by giving some indication the evidence is relevant and reliable. *State v. Brown*, 151 Ohio App.3d 36, 2002-Ohio-5207, 783 N.E.2d 539, ¶ 35 (7th Dist.). The ultimate decision on the weight to be given to that piece of evidence is left to the trier of fact. *Id.* " '[A] letter may be authenticated by evidence of its distinctive contents such as facts contained in the missive that only the writer may know.' " *Id.,* 2002–Ohio–5207 at ¶ 39, citing *State v. Chamberlain,* 8th Dist. Cuyahoga No. 58949, 1991 WL 144181, *4 (July 25, 1991).

**{¶16}** In the case sub judice, the letter was signed using appellant's name, social security number, date of birth, case number and upcoming trial date. It was mailed from the Richland County Jail. We find, therefore, that the letter was properly authenticated. As noted by the trial court, there was enough in the letter to "at least meet the identification requirements to lay a foundation." Trial Transcript at 84.

**{¶17}** Appellant also argues that the letter was not admissible under 46(F) which states, in relevant part, that "Statements or admissions of the defendant made at a bail proceeding shall not be received as substantive evidence in the trial of the case." With respect to Crim.R. 46(F), we note that this rule is immaterial to the circumstances at hand since, as noted by appellee, appellant, in such letter, does not discuss his bond.

**{¶18}** Appellant also raises Evid.R, 408 and Evid.R. 410.

**{¶19}** However, as noted by the court in *State v. Gaines*, 193 Ohio App. 3d 260, 270, 2011-Ohio-1475, ¶ 39,  951 N.E.2d 814, 821–22:

We decline to apply Evid.R. 408 to a criminal case on the basis of *State ex rel. Celebrezze v. Howard* (1991), 77 Ohio App.3d 387, 602 N.E.2d 665. As the Tenth Appellate District aptly stated, "[t]he language employed by Evid.R. 408 tends to support the conclusion that it is meant to exclude conduct or statements in the compromise of civil actions only. The **822 rule speaks in terms of disputed claims as opposed to alleged crimes or offenses. * * * When Evid.R. 408 is read in conjunction with Evid.R. 410, it becomes more apparent that Evid.R. 408 is intended purely in regard to compromises in civil actions. Evid.R. 410 excludes statements made during plea negotiations in any subsequent civil or criminal action. Evid.R. 410 expressly applies to both civil and criminal actions, whereas Evid.R. 408 includes no such expansive language.

**{¶20}** Evid.R. 410 is similarly inapplicable. Ohio courts have held that Evid.R. 410 only applies to plea negotiations and where no plea is entered, as in the case of a grant of immunity, then the exclusionary provisions of Evid.R. 410 do not apply. See *State v. Dancy* (Dec. 17, 1981), Cuyahoga App. No. 59336, unreported, 1981 WL 4696. There was no plea entered in this case.

**{¶21}** Finally, appellant cites to Evid.R. 403(A) which provides that "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury". However, assuming, arguendo, that it was error to admit such letter, we find any such error harmless in light of the overwhelming evidence of appellant's guilty. Both victims identified appellant as the man who robbed their store and picked him out of a photo lineup. The

robbery was captured on a surveillance video. We find that the probative value of the letter was not substantially outweighed by the danger of unfair prejudice to appellant.

{¶22} Appellant's first assignment of error is, therefore, overruled.

II

{¶23} Appellant, in his second assignment of error, contends that the trial court erred in failing to merge the aggravated robbery and robbery counts and their accompanying gun specifications into a single offense of aggravated robbery with a single gun specification.

{¶24} Prior to sentencing, defense counsel had argued that the two counts should merged because the victim was Circle K and there was only one animus. Appellee had argued that there were two victims namely, the two employees of Circle K.

{¶25} R.C. 2941.25, Ohio's allied offense statute, provides:

{¶26} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶27} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶28} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held the following:

**{¶29}** 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

**{¶30}** 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶31}** 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

**{¶32}** The *Ruff* court explained at paragraph 26:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes

offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

**{¶33}** "Separate convictions and sentences are permitted [under R.C. 2941 .25] when a defendant's conduct results in multiple victims." *State v. Allen,* 8th Dist. Cuyahoga No. 97014, 2012–Ohio–1831, ¶ 59, citing *State v. Skaggs,* 2nd Dist. Clark No. 10–CA–26, 2010–Ohio–5390, ¶ 7.

**{¶34}** In the case sub judice, there were two victims namely, Kara Ward and Tammie Marshall, and different conduct. As noted by appellee, when appellant robbed the circle K, he threatened the lives of both woman. Appellant threatened each victim with a gun and took money from both of them. We find, therefore, that appellant's convictions do not merge even though the offenses were committed by a single transaction because each was committed with a separate animus.

**{¶35}** Appellant's second assignment of error is, therefore, overruled.

III

**{¶36}** Appellant, in his third assignment of error, argues that the trial court erred in sentencing him to consecutive and maximum sentences.

**{¶37}** Pursuant to R.C. 2953.08(A)(1), appellant is entitled to appeal as of right the maximum sentences imposed on his convictions. In accordance with R.C. 2953.08(C)(1), appellant is granted leave to appeal his consecutive prison terms because the sentence imposed exceeds the maximum term for a felony of the third degree.

**{¶38}** Pursuant to R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C.

2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049.

{¶39} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶40} As noted by this court in *State v. Taylor,* 5th Dist. Richland No. 17CA29, 2017-Ohio-8996, ¶ 16:

A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth [in] R.C. 2929.12. *State v. Keith,* 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{¶41} R.C. 2929.11 governs overriding purposes of felony sentencing. Under R.C. 2929.11(A), a trial court shall be guided by the overriding purposes of felony sentencing which are: (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those

purposes without imposing an unnecessary burden on state or local government resources."

{¶42}  R.C. 2929.12 governs factors to consider in felony sentencing in relation to the seriousness of the offenses and the likelihood of recidivism. Subsection (B) states the following in relevant part:

{¶43}  (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:…

{¶44}  (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶45}  The trial court shall also consider in relevant part the offender's prior criminal history and whether the offender shows any remorse. R.C. 2929.12(D).

{¶46}  "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. R.C. 2929.14(C)(4) states:

{¶47}  (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not

disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**{¶48}** (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶49}** (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶50}** (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶51}** During the sentencing hearing, the trial court noted that it had the opportunity to sit through the trial and watch the video. The trial court also heard from Tammie Marshall. There was a discussion that this was a violent offense, that a firearm was used and that there we multiple victims. In addition, appellant was on probation at the time of committing this offense for several burglaries committed in 2013 and had a 2011 conviction and had been the aggressor in some assaults while in jail. Appellee informed the trial court that appellant had a history of criminal convictions and juvenile delinquency and had multiple violent offense convictions in his past and did not express genuine remorse.

{¶52} The trial court, in sentencing appellant, found that both victims had suffered psychological harm and that it did not find any "less serious factors". Sentencing Transcript at 250. The trial court found that recidivism was likely and that appellant was on community control when he committed the offenses in this case and had a long history of criminal convictions including theft, burglary, and aggravated trespass. The trial court further noted that the offenses in this case were the most serious that appellant had committed, that appellant did not show remorse and denied committing the crime and that it was concerned with protecting the public and punishing the offender.

{¶53} The trial court, in sentencing appellant, stated, in relevant part as follows:

{¶54} As to the counts, I'm going to find that consecutive sentences are necessary in this case for some but not all of the counts, and I will discuss that further. The reason I believe consecutive sentences are necessary in this case is to protect the public from future crime, to punish the offender, not disproportionate to the seriousness of the conduct or the danger posed to the public, and I have listed the reasons that - - for those, one of which is when he committed this offense he was already on community control for a prior offense. We talked about that. That was the 2011-CR-90. That was the two counts of fourth-degree felony theft. These offenses were multiple offenses committed as part of one course of criminal conduct, and the harm caused to the – by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of the conduct or the danger posed to the public.

{¶55} Finally, we've gone over that this is not Mr. Hart's first criminal conviction. In fact, looking at just cases here in Richland County, this is his sixth felony case in Richland County. So for that reason, I think it's necessary – or his criminal history

demonstrates that consecutive sentences are necessary to protect the public and punish the offender.

**{¶56}** As far as the sentences go, Count 1 will be ten years; Count 2, eight years; Count 4, 18 months; Count 5, 36 months.  Count 1, 2, and 5 will run consecutive and consecutive to the six-year gun specification.  Count 4, the CCW, will be run concurrent. The total sentence in the case is 27 years in prison.  That will be the sentence of the Court.

**{¶57}** Sentencing Transcript at 258-259.

**{¶58}** Based on the foregoing, upon review, we find the sentence imposed is not clearly and convincingly contrary to law. The individual sentences are within the statutory range, the trial court considered the R.C. 2929.11 and 2929.12 factors, and the record supports the trial court's findings under R.C. 2929.14(C)(4).

**{¶59}** Appellant's third assignment of error is, therefore, overruled.

**{¶60}** Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.