[Cite as *State v. Hoffman*, 2021-Ohio-155.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2019 CA 38 |
| THOMAS HOFFMAN | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 18 DR 373 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 22, 2021 |


APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
PROSECUTING ATTORNEY
MARK A. BALAZIK
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

JAMES A. ANZELMO
ANZELMO LAW
446 Howland Drive
Gahanna, Ohio 43230

*Wise, J.*

{¶1}    Appellant Thomas Hoffman appeals the judgment and sentence entered by the Fairfield County Court of Common Pleas convicting him of two counts of Burglary in violation of R.C. 2911.12. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On June 7, 2018, Appellant was indicted by the Fairfield County Grand Jury on one count of Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1), and one count of Theft Against a Person in a Protected Class, a felony of the third degree, in violation of R.C. 2913.02(B)(3).

{¶3}    On August 39, 2018, the State filed a superseding indictment that, in addition to the original counts, added one count of Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(1), and an additional two counts of Burglary, a felony of the third degree, in violation of R.C. 2911.12(A)(3).

{¶4}    Appellant entered a plea of not guilty, and a jury trial commenced on November 27, 2018.

{¶5}    At trial, Anell Haque testified her purse, her daughter's wallet, and her daughter's registered nurse id card were stolen out of her kitchen on May 13, 2018. She further testified that she knew Appellant as he had done yard work for her in the past.

{¶6}    Next, Ruby Myers testified. Myers identified Appellant as having come to her home looking for work on May 13, 2018, and asking if his friend could use her bathroom. After Appellant had left, Myers stated that she noticed her purse was missing

from her closet. Her purse had contained her car keys, her wallet, her checkbook, and her insurance cards. She then called the police and made a report.

{¶7} John Nelson then testified he saw a man talking with Myers enter her home, then exit carrying a white purse. He threw the purse into the yard, jumped off the porch, picked up the purse and got into the driver side of the truck.

{¶8} Robby Hill, Appellant's cousin, testified Appellant walked around Haque's house and then entered. Next, he came running out of the house with a purse that had an RN badge attached to it. After going through the purse, Appellant threw it in the trash can at a gas station. Hill next testified that Appellant approached Myers's house and spoke with Myers. Then Hill used Myers's restroom in the basement. When Hill returned to the truck, a white purse was in the cab, which was not there before.

{¶9} Appellee called Detective Sinewe to testify. Sinewe testified during his investigation that he spoke with Appellant, identified his truck, and discovered video evidence of Appellant's truck leaving Myers's residence.

{¶10} The State of Ohio rested its case in chief against Appellant.

{¶11} Appellant then took the stand to testify he did not enter Myers's house, he did not take a purse from her house, and that he did not see Hill take a purse from her house. He further testified he did not go to Haque's residence on May 13, 2018.

{¶12} Under cross-examination, Appellant admitted he had previously been convicted of theft. The State also played a recording where Appellant identified himself as saying, "if [Hill] testifies against me, I'm done." T. 139.

{¶13} The jury found Appellant guilty of two counts of burglary.

{¶14} During the sentencing hearing, the trial court found the two burglary counts do not merge, as they are not allied offenses of similar import. The trial court ordered Hoffman to serve concurrent prison terms for each offense.

**ASSIGNMENTS OF ERROR**

{¶15} On August 18, 2020, Appellant filed a notice of appeal. He herein raises the following four assignment of error.

{¶16} "I. HOFFMAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶17} "II. HOFFMAN'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶18} "III. HOFFMAN'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶19} "IV. THE TRIAL COURT ERRED BY FAILING TO MERGE HOFFMAN'S BURGLARY OFFENSES."

**I.**

{¶20} Appellant argues his trial counsel was ineffective by failing to request that the jury be instructed that the nature of Hoffman's prior arrest not be considered, failing to object  to the admissibility of Hoffman's prior theft offenses, and by failing to request

an instruction that the prior theft offenses can be considered only for purposes of impeachment. We disagree.

{¶21} Our standard of review is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶22} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. In addition, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697, 104 S.Ct. 2052. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

**{¶23}** Appellant argues the trial counsel erred in multiple ways. First, trial counsel failed to object to the admissibility of Appellant's prior theft offenses on the grounds they were over ten years old.

**{¶24}** Evid.R. 609 states:

> **(A) General Rule.** For the purpose of attacking the credibility of a witness:
>
> ...
>
> (2) ...[E]vidence that a witness, including an accused, has been convicted of a crime is admissible if the crime involved dishonesty or false statement, regardless of the punishment and whether based upon state or federal statute or local ordinance.
>
> …
>
> **(B)    Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement, or the termination of community control sanctions, post-release control, or probation, shock probation, parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported  by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives the adverse party sufficient advance written notice of intent to use such evidence to

provide the adverse party with a fair opportunity to contest the use of such evidence.

**{¶25}** In the case *sub judice*, the facts show Appellant's trial counsel did object to the admission of Appellant's past criminal record stating it had nothing to do with the present case. The trial court overruled the objection based on Evid.R. 609.

**{¶26}** Next, Appellant argues trial counsel was also ineffective for failing to request the trial court give an instruction that the prior theft offenses can be considered only for purposes of impeachment, and that the jury may not consider the nature of Appellant's prior arrest.

**{¶27}** Evid.R. 105 states, "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly."

**{¶28}** Appellant's trial counsel did not request any jury instruction limiting the admissibility of Appellant's prior convictions for the purposes of impeachment, and the record does not show that any such instruction was given.

**{¶29}** This Court has previously determined it is within the realm of reasonable trial strategy not to request a limiting instruction as to avoid highlighting Appellant's prior convictions. *State v. Mahon*, 5th Dist. Muskingum No. CT2018-0060, 2019-Ohio-3897, ¶68. Therefore, even though a request for the trial court to provide a limiting instruction to the jury as to Appellant's past criminal record would have been appropriate, trial counsel did not fall below an objective standard of reasonable representation. Moreover, assuming trial counsel should have requested the limiting instruction, Appellant has not

demonstrated he was prejudiced as required by *Bradley*. Based on all the evidence presented at trial and discussed in Assignments of Error II and III below, there is not a reasonable probability that but for counsel's error, the outcome of the trial would have been different.

**{¶30}** Appellant's First Assignment of Error is overruled.

**II., III.**

**{¶31}** In Appellant's Second and Third Assignments of Error, he argues the jury's guilty verdict is against the manifest weight of the evidence and not supported by sufficient evidence.

**{¶32}** Sufficiency of the evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380. Essentially, sufficiency is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence admitted at trial, in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259.

**{¶33}** In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

**{¶34}** Under a weight of the evidence argument, the appellate court will consider the same evidence as when analyzing the Appellant's sufficiency of evidence argument. Appellant argues the jury clearly lost its way as their conviction of Appellant based on the total weight of the evidence was a manifest miscarriage of justice.

**{¶35}** The jury convicted Appellant on two counts of Burglary, in violation of R.C. 2911.12(A)(1) & (D), both felonies of the second degree.

**{¶36}** R.C. 2911.12 states:

(A)     No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

…

(D) Whoever violates division (A) of this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

**{¶37}** At trial, the State produced testimony which placed Appellant at the scene of both burglaries and as the person that stole the purses from each of the victims' homes. Hill, Appellant's cousin, testified that he was with Appellant at the time of the burglaries and saw Appellant enter the first victim's home and come out with the first stolen purse.

The first victim, Haque, testified that she was home at the time of the burglary, along with her husband, her daughter and her daughter's family. Hill also testified that after using the second victim's restroom, he returned to Appellant's truck to find a white purse in the truck which was not there before. Additionally, Myers, the second victim, testified she recognized Hoffman when she spoke with him on her front porch moments before the burglary. Myers's neighbor, Nelson, testified that he watched Myers speak with a man on her front porch, and then saw the same man enter Myers house and emerge with a white purse. We find the State presented sufficient evidence, if believed by a jury, that Appellant, using force, stealth or deception, trespassed into the homes of the victims with the purpose of committing a criminal offense therein. Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. Appellant was not convicted against the manifest weight of the evidence.

**{¶38}** Appellant's Second and Third Assignments of Error are overruled.

**IV.**

**{¶39}** In Appellant's Fourth Assignment of Error, Appellant argues the trial court committed reversible error by failing to merge Appellant's two burglary offenses. We disagree.

**{¶40}** R.C. 2941.25 states:

> (A)    Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B)     Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶41} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 NE.3d 892, syllabus, the Supreme Court of Ohio held, "two or more offenses of dissimilar import exist when the defendant's conduct constitutes offenses involving separate victims or if the harm from each offense is separate and identifiable[.]"

{¶42} The *Ruff* court stated:

At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.

*Id.* at ¶26.

{¶43} In *State v. Hart*, 5th Dist. Richland No. 2019 CA 0086, 2020-Ohio-1640, *appeal not allowed*, 159 Ohio St.3d 1477, 2020-Ohio-4045, 150 N.E.3d 960, during a robbery at a Circle K, the defendant threatened with a gun and took money from two separate victims. In *Hart*, this Court found the defendant's convictions did not merge as each robbery was committed with a separate animus. *Id.* at ¶34

**{¶44}** In the case *sub judice*, there were two separate victims, Ruby Myers and Anell Haque, and different conduct. Appellant trespassed at two separate residences and stole purses from two separate victims at those residences. We find that Appellant committed the offense against two separate victims at two separate locations. Therefore, the offenses do not merge, as each was committed with separate animus.

**{¶45}** Appellant's Fourth Assignment of Error is overruled.

**{¶46}** For the foregoing reasons, the judgment of the Fairfield County Court of Common Pleas, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/br 0115