JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Michael Sharp, appeals his conviction in the Cuyahoga County Common Pleas Court for aggravated robbery and felonious assault. For the reasons stated below, we affirm in part, and reverse and remand in part.
 {¶ 2} On October 28, 2005, Sharp was indicted under an eight-count indictment with two counts of aggravated burglary, two counts of kidnapping, and one count each of aggravated robbery, robbery, felonious assault, and menacing by stalking. Sharp was acquitted of all charges except count five, aggravated robbery in violation of R.C. 2911.01, and count seven, felonious assault in violation of R.C. 2903.11.
 {¶ 3} The victim in this case, Jeanette Allen, testified that she had been in a relationship with Sharp. Sharp had been living with Allen in her home for a period of time before a fire destroyed the home and its contents in February 2005. Sharp also had belongings that were destroyed in the fire.
 {¶ 4} Following the fire, Allen moved to the third floor of her sister, Lana Bellamy's, home. Sharp moved to the second floor apartment of the home, apart from Allen, as the two were no longer involved.
 {¶ 5} Allen's insurance company provided her with a settlement check for more than $71,000, to cover her losses in the fire. Allen stated that she had given Sharp $4,200, in the form of cash and a cashier check, for his losses. Sometime prior to October 2005, Sharp moved out of the house Allen shared with her sister.
 {¶ 6} Allen testified that on October 9, 2005, Sharp came over to get a few things he had left in the second floor apartment. Sharp asked Allen, who was with her sister on the first floor, to go upstairs with him. Allen stated that when they got upstairs, Sharp asked her for money but she did not have any. She stated that Sharp came toward her and she reached for the phone to call the police. Sharp grabbed the phone out of Allen's hands and then grabbed Allen's right arm and twisted it. Allen stated that it hurt and that Sharp was twisting her arm as hard as he could. She also stated that Sharp hit her on the forehead with his forehand.
 {¶ 7} Allen testified that Sharp walked her to the steps and again told her he wanted money. She kept telling him she did not have any money and he kept twisting her arm hard and threatened to throw her down the steps. When Allen told Sharp she thought she might have some money in her jacket or purse in the other bedroom, he walked her there while continuing to twist her arm. Allen found $9 and gave it to Sharp. Sharp then told Allen to get money from her sister, dad or even her "dead mother." Allen called her sister, who did not answer. She called her dad, who did not give her money, but he did call her sister Lana. Lana confirmed in her testimony that her dad called her stating that Allen wanted to borrow $10.
 {¶ 8} Ultimately, Sharp got $10 from Lana. Allen testified that Sharp then left to buy crack cocaine, which he brought back to the house. He told Allen that when he was done he wanted "some money, real money." Eventually, Allen was able to get away and ran to her sister's to call the police. At this time, it was early morning on October 10, 2005.
 {¶ 9} Lana testified that she heard "busting and arguing up there and screaming loud," after which Allen was beating on Lana's door to let her in. Lana stated that Allen was hysterical. Allen told Lana that Sharp had broken her arm.
 {¶ 10} Allen went to the hospital for treatment of her arm. The medical records indicated that no fracture was found. However, she did experience tenderness in her right wrist and had minimal swelling to the wrist. Allen was diagnosed with a wrist/forearm sprain and was given instructions for a sprained wrist. The discharge instructions provided as follows: "Your exam shows you have a sprained wrist. A sprain is a tearing of the ligaments that hold the joint together. There are no broken bones. Sprains take 3 to 6 weeks to heal." The medical reports also note that Allen was given a splint for her right forearm. A picture of Allen was introduced, showing her in a splint wrapped with an Ace bandage.
 {¶ 11} Officer Kevin Grady and Officer Lee Davis testified that they responded to the house on October 10, and upon their arrival met with Allen. Sharp was not at the premises. Officer Davis indicated that Allen was "very disturbed and afraid." Likewise, Officer Kevin Grady testified that Allen was "very scared." Officer Grady indicated that Allen already had a "cast" on her arm wrapped in an Ace bandage. He stated that he believed Allen had already been to the hospital. When shown a picture of Allen with the cast on, both officers stated it was similar to the one they saw on Allen's arm on October 10. Officer Davis testified that Allen indicated her arm was broken. Officer Grady took a police report concerning the incident.
 {¶ 12} Allen, who also described the splint as a "cast," stated that she wore it for more than two months. Allen also testified to events occurring on October 16, 2005; however, these events pertain to the charges for which Sharp was acquitted.
 {¶ 13} Detective Christopher Bush testified that he investigated the case. He spoke with Allen, Lana, and Sharp. Detective Bush stated that Sharp claimed he "didn't do anything and that his lawyer was going to get him off." Detective Bush described Allen's cast as looking like "a hard plate" or a "plastic cast" with two parts wrapped in an Ace bandage with padding underneath it. Detective Bush also stated that the incident report that was taken stated "no signs of injury at this time." However, Detective Bush conceded that the police officers were not trained in the area of medical diagnosis and might not see visible signs of injury.
 {¶ 14} The defense called Donald Slaughter, who testified that Sharp was brought to the alcohol and drug recovery house that Slaughter worked at on October 11, 2005. Most of his testimony was pertinent to the charges for which Sharp was acquitted.
 {¶ 15} At the conclusion of trial, the jury found Sharp guilty of the aggravated robbery and felonious assault charges noted above. The court sentenced Sharp to a prison term of three years on the aggravated robbery charge and two years on the felonious assault charge, and ordered the sentences to run concurrently for a total of three years' incarceration.
 {¶ 16} Sharp filed this appeal, raising three assignments of error for our review. His first assignment of error provides the following:
 {¶ 17} "The state failed to present sufficient evidence to sustain appellant's convictions."
 {¶ 18} Sharp argues that the trial court erred by failing to grant his motion for acquittal with respect to the crimes for which he was convicted. He claims the state failed to produce evidence of serious physical harm for the crimes of aggravated robbery and felonious assault.
 {¶ 19} A Crim.R. 29 motion tests the sufficiency of the evidence. When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Insufficiency of evidence is a more rigorous standard than a manifest weight challenge and, if successfully challenged, results in the acquittal of the defendant on the charge. State v. Jonas, Athens App. No. 99CA38, 2001-Ohio-2497.
 {¶ 20} R.C. 2911.01, the aggravated robbery statute, provides in relevant part: "(A) No person, in attempting or committing a theft offense * * * shall do any of the following: * * * (3) Inflict or attempt to inflict, serious physical harm on another."
 {¶ 21} R.C. 2903.11, the felonious assault statute, provides in relevant part: "(A) No person shall knowingly do either of the following: (1) Cause serious physical harm to another or to another's unborn."
 {¶ 22} R.C. 2901.01(A)(5) defines "serious physical harm" under five subparts. The only subpart applicable to the facts of this case provides as follows: "(e) any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 23} Sharp argues that his convictions are against the sufficiency of the evidence because the state failed to prove serious physical harm. Sharp incorrectly claims that the state was required to establish Allen actually suffered serious physical harm with respect to both offenses. The aggravated robbery statute requires only an attempt to inflict serious physical harm to another. There was evidence in the record that Sharp was twisting Allen's arm hard and that Allen thought that he had broken her arm. Viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found beyond a reasonable doubt that Sharp attempted to inflict serious physical harm upon Allen.
 {¶ 24} Unlike the aggravated robbery statute, the felonious assault statute does require the defendant to actually cause serious physical harm. Although we believe that a sprain can amount to serious physical harm in certain instances, in this case there is insufficient evidence to establish that Allen suffered a serious physical harm as a result of her sprain.
 {¶ 25} The evidence presented was only that Allen indicated that it "hurt" when Sharp twisted her arm. She was diagnosed with a sprain. While she indicated that she wore the splint or, as she referred to it, the "cast" for two months, the medical records indicate that "sprains take 3 to 6 weeks to heal." There was no testimony as to the severity of the pain suffered by Allen or as to the duration that she suffered from actual pain. We recognize that there is a difference between serious physical harm and physical harm. See R.C. 2901.01(A)(3) ("physical harm to persons" is defined as "any injury * * * regardless of its gravity or duration"). Here, the state is required to prove serious physical harm. Again, serious physical harm requires "acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(e). The Committee Comment, as it pertains to this definition, describes the pain as "pain which is unbearble or nearly so, though short-lived, and pain which is long-lasting or difficult to relieve, though not as keen." There was no evidence establishing that Allen suffered from this type of pain. There was also insufficient evidence of the other forms of serious physical harm outlined in R.C. 2901.01(A)(5). Because this case lacks sufficient evidence upon which any rational trier of fact could find Allen suffered "serious physical harm," we reverse Sharp's conviction for felonious assault and order the trial court to enter an order of acquittal and vacate the sentence on this charge upon remand.
 {¶ 26} Sharp's first assignment of error is sustained as to the conviction for felonious assault, and overruled as to the conviction for aggravated robbery.
 {¶ 27} Sharp's second assignment of error provides as follows:
 {¶ 28} "The appellant's convictions were against the manifest weight of the evidence."
 {¶ 29} Having already found Sharp's conviction for felonious assault is to be overturned, we review this assignment of error only with respect to the aggravated robbery conviction.
 {¶ 30} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 31} Under this assignment of error, Sharp questions the credibility of Allen's testimony. Although we recognize that there was some questionable testimony given by Allen, we find that overall her testimony was credible. Allen testified that Sharp came over and demanded money from her. When she stated that she did not have any, Sharp twisted Allen's arm and instructed Allen to get the money from a relative. Allen's sister, Lana, confirmed that she ultimately gave $10 to Sharp. Lana stated that she heard arguing and screaming upstairs and that Allen came to her door, was hysterical, and thought Sharp had broken her arm. The medical records diagnosed Allen with a sprain and placed Allen in a splint. When the police met with Allen, they found Allen was "very disturbed and afraid."
 {¶ 32} We also observe that although this court considers the credibility of witnesses in reviewing the record, we accord due deference to the trier of fact because the jury had the opportunity to view the witnesses' testimony and adjudge their credibility. We find the trier of fact, viewing the record as whole, could find that the victim's testimony was credible.
 {¶ 33} After examining the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find that Sharp's conviction for aggravated robbery was not against the manifest weight of the evidence. Sharp's second assignment of error is overruled.
 {¶ 34} Sharp's third assignment of error provides as follows:
 {¶ 35} "Appellant was denied his effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the [U.S.] Constitution when his attorney failed to subpoena and elicit testimony of the alleged victim's treating physician and failed to object to improperly admitted hearsay evidence."
 {¶ 36} In order to prevail on an ineffective-assistance claim, an appellant must demonstrate that his counsel performed deficiently and that he suffered prejudice from the deficiency. State v. Turner,105 Ohio St.3d 331, 338, 2005-Ohio-1938, 826 N.E.2d 266. "Deficient performance consists of falling below an objective standard of reasonable representation; to prove prejudice, a defendant must demonstrate that, but for counsel's errors, the result of the proceeding would have been different." Id., citing Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed. 2d 674, 104 S. Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 37} Sharp contends that the failure to call the treating physician prejudiced his case because the doctor did not record any observations of torn ligaments or a sprain and therefore rendered Allen's diagnosis of a sprain unclear and allowed the jury to speculate as to the physician's conclusions. We find no merit to this argument. Medical records were introduced that indicated Sharp suffered tenderness in her wrist and that her wrist was slightly swollen. Although no fracture was found, Sharp was placed in a splint and given a diagnosis of a sprained wrist. She was also given discharge instructions that generally defined a sprain and included appropriate treatment for the sprain. The record clearly established that Sharp was diagnosed and treated for a sprained wrist. We do not find that defense counsel's failure to call the treating physician to detail his observations was prejudicial to the outcome of the case. Further, the record supports the conclusion that Sharp attempted to cause serious physical harm. We cannot say that the result of the proceeding would have been different had the doctor been called to testify.
 {¶ 38} Sharp also claims that the testimony of Lana Bellamy, Officer Grady, and Officer Davis concerning statements made by Allen about her arm being broken and about Sharp's trying to get money out of her and threatening her were inadmissible hearsay. Much of this testimony was cumulative to other admissible evidence in the case that supported a finding that Allen attempted to cause serious physical harm to Allen and demanded money from her. We do not find that but for the introduction of these statements the result of the proceeding would have been different.
 {¶ 39} Sharp's third assignment of error is overruled.
 {¶ 40} Judgment affirmed as to the aggravated robbery conviction and sentence, reversed and remanded on the felonious assault conviction. On remand, the trial court is instructed to enter an order of acquittal on the felonious assault charge and to vacate the sentence imposed thereon.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and MARY EILEEN KILBANE, J., CONCUR