JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Michael Sharp has filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment inState v. Sharp, Cuyahoga App. No. 87709, 2006-Ohio-6413. For the following reasons, we decline to reopen his appeal.
 {¶ 2} Sharp has failed to timely file his application for reopening. The appellate judgment in State v. Sharp was journalized on December 18, 2006, while his application for reopening was not filed until May 19, 2008. App. R. 26(B)(2)(b) requires that Sharp establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment," which is subject to reopening. The Ohio Supreme Court, with regard to the ninety-day deadline set forth in App. R. 26(B)(2)(b), has firmly established that absent a showing of "good cause" for filing late, an application for reopening must be filed within ninety days of journalization of the appellate judgment that is subject to reopening. (Emphasis added.) State v. Keith, 119 Ohio St.3d 161, 2008-Ohio-3866,892 N.E.2d 912. See, also, State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. *Page 4 
 {¶ 3} Herein, Sharp argues that the recent decision of the Ohio Supreme Court in State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624,885 N.E.2d 917, provides "good cause" for the untimely filing of his application for reopening. Specifically, Sharp argues that he was not able to file his application for reopening until the Ohio Supreme Court rendered its decision in Colon.
 {¶ 4} Sharp's argument for "good cause," however must fail. An App. R. 26(B) application for reopening must be premised upon a claim of ineffective assistance of appellate counsel. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204. Appellate counsel cannot be required to anticipate future changes in the law and argue such potential changes on appeal. State v. Williams (1991), 74 Ohio App.3d 686, 600 N.E.2d 298.
 {¶ 5} In addition, the Ohio Supreme Court recently reconsideredColon and held that "[O]ur holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively." See State v. Colon, Slip Opinion No. 2008-Ohio-3749, ¶ 3.
 {¶ 6} Accordingly, Sharp's application for reopening is denied.
 CHRISTINE T. MCMONAGLE, J., and ANN DYKE, J., CONCUR *Page 1