[Cite as *State v. Thompson*, 2021-Ohio-3105.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                   No. 109110

    v. :

MICHAEL THOMPSON, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 3, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-18-633180-A
"Motion for Reconsideration Due to Extenuating Circumstances"
and "Motion for Delayed of Appeal"
Motion Nos. 547202 and 547203

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee*.

Michael Thompson, *pro se*.

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Appellant, Michael Thompson, filed a "motion for reconsideration due to extenuating circumstances" along with a "motion for delayed of [sic] appeal."

In these motions, Thompson asks for reconsideration based on claims that could relate to ineffective assistance of counsel. Out of an abundance of caution, this court will treat the motions as motions for reopening and reconsideration. Thompson's motions are denied. To the extent Thompson makes claims of ineffective assistance of appellate counsel, the application for reopening is also denied.

## I. Factual and Procedural History

{¶ 2} In Cuyahoga C.P. CR-18-633180-A, an indictment was filed on October 4, 2018, charging Thompson with crimes related to the kidnapping and murder of a woman that occurred between 1996 and 2000. Thompson waived his right to a jury trial, and a bench trial began on September 9, 2019. At its conclusion, the trial court found Thompson guilty of murder, aggravated murder, and kidnapping. The court merged all the charges, and the state elected to have Thompson sentenced on the aggravated murder count. The court imposed a sentence of life with parole eligibility after 20 years.

{¶ 3} Thompson filed a notice of appeal on October 15, 2019. *State v. Thompson*, 8th Dist. Cuyahoga No. 109110, 2020-Ohio-5257. This notice of appeal only included the above-mentioned case. Thompson's brief raised three assignments of error challenging the admission of other acts evidence, the manifest weight of the evidence, and the sufficiency of the evidence. On November 12, 2020, this court overruled these three assignments of error and affirmed Thompson's conviction and sentence. *Id.* at ¶ 58.

**{¶ 4}** On June 10, 2021, Thompson filed two motions with this court, ostensibly seeking delayed reconsideration and a delayed appeal of Cuyahoga C.P. No. CR-18-633180-A.[1] The state filed a combined brief in opposition on June 13, 2021, and Thompson filed a reply brief on July 1, 2021.

## II. Law and Analysis

### A. Motion for Delayed Appeal

**{¶ 5}** First, because it is easily dispensed with, we will address the motion for delayed appeal. A delayed appeal of a judgment cannot be granted if an appeal was previously perfected and litigated regarding the same judgment. *Rocky River v. Garnek*, 8th Dist. Cuyahoga No. 99072, 2013-Ohio-1565, citing among others, *State v. Malinchak*, 10th Dist. Franklin No. 79AP-30, 1979 Ohio App. LEXIS 12384 (Mar. 27, 1979). Therefore, Thompson's motion for a delayed appeal of his conviction and sentence in Cuyahoga C.P. No. CR-18-633180 is denied. Regarding any other criminal case, Thompson has not complied with the requirements for filing a delayed appeal found in App.R. 5(A), nor does the caption of the motion include any other criminal case number. The motion is denied.

### B. Delayed Motion for Reconsideration

**{¶ 6}** Thompson's second filing, the "motion for reconsideration due to extenuating circumstances" could either be interpreted as a motion for delayed

---

[1] No other common pleas criminal court case number is referenced in the caption of these filings.

reconsideration or an application for reopening. In an abundance of caution, this court will treat it as both. We will address reconsideration first.

{¶ 7} Pursuant to App.R. 26(A), a motion for reconsideration may be filed within ten days of the issuance of an appellate decision.

> This court, when reviewing an application for reconsideration, must determine whether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or not fully considered by the court. *Cleveland Clinic Found. v. Bd. of Zoning Appeals*, 8th Dist. Cuyahoga No. 98115, 2012-Ohio-6008; *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261. In addition, an application for reconsideration is not intended to simply allow a party to challenge an opinion because of a disagreement with the conclusion reached and the logic employed by the appellate court. *Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. Erie No. E-10-006, 2011-Ohio-2959; *In re Richardson*, 7th Dist. Mahoning No. 01-CA-78, 2002-Ohio-6709. Finally, an application for reconsideration must point to an obvious error in the appellate decision or raise for consideration issues that were not considered at all or not fully considered. *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987); *Matthews v. Matthews*, 5 Ohio App.3d 140, 450 N.E.2d 278 (10th Dist.1981).

*State v. Ramos*, 8th Dist. Cuyahoga No. 103596, 2017-Ohio-7712, ¶ 10.

{¶ 8} A delayed motion for reconsideration is a valid option under the Ohio Rules of Appellate Procedure. App.R. 26(A)(1) provides for a period of ten days within which to file a motion for reconsideration. However, that period may be extended at the discretion of the appellate court "on a showing of extraordinary circumstances." App.R. 14(B).

{¶ 9} The Supreme Court of Ohio found such extraordinary circumstances to exist in *State v. Moore*, 149 Ohio St.3d 557, 2016-Ohio-8288, 76 N.E.3d 1127. There, a defendant was impacted by a ruling of the United States Supreme Court regarding

a prohibition against life sentences imposed on juvenile offenders. The intervening decision of the Supreme Court announced a new substantive rule of constitutional law. *Id.* at ¶ 97. The defendant attempted to raise the issue at the earliest possible time, but was thwarted. The *Moore* Court found that the court of appeals had the authority and ability to consider a delayed motion for reconsideration under those circumstances, and the appellate court abused its discretion when it denied a motion for delayed reconsideration. *Id.* at ¶ 99.

{¶ 10} In her concurring opinion, Chief Justice O'Connor outlined the three categories of cases that courts have recognized as constituting extraordinary circumstances: (1) omissions in records, (2) "announcements of a new rule of law that applies directly to a pending appeal," and (3) a question of "sufficient importance to warrant entertaining it beyond the ten-day limit." *Id.* at ¶ 104-107, (O'Connor, C.J., concurring).

{¶ 11} The arguments Thompson sets forth in his motions do not fall into any of these three categories.

{¶ 12} First, Thompson claims that he did not have immediate access to a transcript because counsel would not provide him one. This does not fall into any of the categories set forth above. He also claims that he asked for a new appellate attorney, but was ignored. Again, this does not fall into any of the categories set forth above.

{¶ 13} In the body of the filing, Thompson claims that errors occurred at trial that were not raised in his appeal. For instance, he claims that some items were not

shown to him during the discovery process. However, according to the rules of discovery in Crim.R. 16, some items are only given to defense counsel and may not be shared with the defendant. This allegation does not mean that full discovery was not exchanged.

{¶ 14} There is no citation to anything in the record to support this claim. Discovery exchanged between the state and a defendant may not be part of the record on appeal. Claims of discovery violations that do not appear in the record are best raised in a timely postconviction relief petition, not in a motion for reconsideration. *State v. McNeal*, 8th Dist. Cuyahoga No. 77977, 2002-Ohio-4764, ¶ 12. This is also not a question of sufficient importance to warrant granting the motion outside of the ten-day window, because Thompson possesses or possessed other appropriate avenues to pursue this claim.

{¶ 15} Thompson also raises discovery violations in another criminal case that is not part of this appeal. A criminal case that is not a part of the present appeal may not form the basis for a motion for reconsideration. These allegations do not fall into any of the three categories set forth above.

{¶ 16} Additionally, Thompson also rehashes arguments that were raised and decided in the appeal. For instance, he claims that the court erred in admitting Evid.R. 404(B) evidence. This was argued on appeal and this court found that any error was harmless. *Thompson*, 8th Dist. Cuyahoga No. 109110, 2020-Ohio-5257, at ¶ 25-43. He asserts that this court erred in so holding. This is a matter of a disagreement with the appellate decision, which is not grounds for reconsideration.

*Ramos*, 8th Dist. Cuyahoga No. 103596, 2017-Ohio-7712, at ¶ 10. Thompson does not point out an obvious error in the appellate decision or argue an issue that could be appropriately raised in the appeal that was not fully litigated.

{¶ 17} He also claims that a witness who testified was biased because the witness was employed by the prosecutor's office. Employment with a county prosecutor's office does not disqualify an individual from testifying at trial, and Thompson does not assert a more substantial analysis. He further alleges that the state should have called a witness that was not called. The state does not have a duty to call the witnesses a defendant wishes. Defendants have their own ability to call witnesses in support of their defense. This does not constitute an extraordinary circumstance.

{¶ 18} Regarding his kidnapping conviction, Thompson argues that it rests on faulty evidence, insufficient evidence, or evidence that is entirely made up. However, the kidnapping charge did not survive merger with the murder charge. There is no conviction for kidnapping, and Thompson was not sentenced to any prison term for kidnapping. Therefore, there is no reason that this allegation would support entertaining the motion after the normal period for such motions expired. This cannot form the basis for extraordinary circumstances required by App.R. 14(B).

{¶ 19} Thompson also raises various other issues with a second criminal case that was not part of the appeal. These arguments cannot support a motion for reconsideration because that case was not part of the present appeal.

{¶ 20} Finally, Thompson asserts that his videotaped confession was unreliable because he was intoxicated at the time of its creation. Thompson claims that portions of the transcript where a witness testified that Thompson was not visibly impaired may be perjury. However, Officer Dante Aponte, whose body camera video interactions with Thompson were played for the judge, testified that Thompson was obviously intoxicated when he first encountered him. (Tr. 53.) However, they were together for several hours that day, and the officer testified that Thompson would have sobered up throughout that time. (Tr. 60.) Detective David Shapiro testified about an interview he conducted with Thompson on the same day Officer Aponte encountered Thompson. The videotaped interview was played for the judge. (Tr. 82-85.) Detective Shapiro testified that Thompson did not appear intoxicated during the interview. (Tr. 85.) All of this information was before the trial judge, and the trial judge viewed the videotaped interview. Therefore, this does not fall into the three categories of instances where a motion for reconsideration could be considered beyond the allowed period in App.R. 26(A)(1).

{¶ 21} Thompson's motion for delayed reconsideration is denied.

## C. Application for Reopening

{¶ 22} Some of the arguments Thompson makes in his filing could be interpreted to allege ineffective assistance of appellate counsel. Therefore, the court will also address the filing under the standard for reopening found in App.R. 26(B).

{¶ 23} App.R. 26(B) provides a prescribed means of asserting claims of ineffective assistance of appellate counsel. The application, limited to ten pages,

must set forth proposed assignments of error that raise a genuine issue as to whether the application was deprived of the effective assistance of appellate counsel. App.R. 26(B)(2)(c), (B)(4)-(5). The applicant "must show that there is a '"genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'" *State v. Simpson*, Slip Opinion No. 2020-Ohio-6719, ¶ 12, quoting *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

{¶ 24} The applicant must also comply with strictly construed deadlines. The application for reopening must be filed within 90 days of the journalization of the appellate decision, or the applicant must show good cause for the delayed filing. App.R. 26(B)(2)(b). According to this rule, good cause must be set forth in the application.

{¶ 25} The decision Thompson seeks to reopen was journalized on November 12, 2020. The instant application was filed on June 10, 2021. Approximately 210 days separates these two dates. Therefore, Thompson must show good cause for the untimely filing.

{¶ 26} Thompson acknowledges that his application is untimely. To excuse the delayed filing, Thompson claims that he did not know about this option until he received a letter from the county public defender. However, this does not establish good cause. *State v. Reddick*, 72 Ohio St.3d 88, 91, 647 N.E.2d 784 (1995); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 10. Ignorance of the law is not an excuse and does not establish good cause for failing to timely file an application. *Id.*

{¶ 27} Thompson also suggests, as a claim of ineffective assistance of appellate counsel, that counsel did not timely remit a copy of the trial transcript to him. However, Thompson admits in the application that he received a copy of the transcript in December 2020. Lack of access to legal materials, transcripts, or counsel's assistance in procuring them also does not establish good cause. *State v. Terry*, 8th Dist. Cuyahoga No. 100813, 2020-Ohio-3448, ¶ 6. Even if this constituted good cause, good cause only exists for the duration of the claimed impediment. *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 8, citing *State v. Fox*, 83 Ohio St.3d 514, 516, 700 N.E.2d 1253 (1998).

{¶ 28} Thompson admits he received a copy of the trial transcript approximately six months before he filed his application. This does not constitute good cause. Thompson has not established good cause for the untimely filing. Therefore, it must be denied. *Id.*

{¶ 29} Further, the application exceeds the ten-page limit set forth in App.R. 26(B)(4). Thompson states that the application consists of 21 pages. This is due, in part, to the way in which he presented arguments within parts of the record and other letters that are attached as part of the application. Because these attachments contain handwritten arguments, they cannot be treated simply as exhibits. This constitutes another basis to deny the application. *State v. Oberacker*, 8th Dist. Cuyahoga No. 81093, 2017-Ohio-5741, ¶ 8.

{¶ 30} Motion for delayed reconsideration denied; application for reopening denied.

_____
FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
LISA B. FORBES, J., CONCUR