[Cite as *State v. Chandler*, 2022-Ohio-1391.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,           :

                                     No. 105246

    v.                                    :

ROOSEVELT CHANDLER,                    :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** April 27, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-16-606832-A
Application for Reopening
Motion Nos. 552913, 552914, and 552915

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Roosevelt Chandler, *pro se.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Applicant, Roosevelt Chandler, seeks to reopen his appeal in *State v. Chandler*, 2017-Ohio-8573, 99 N.E.3d 1255 (8th Dist.). He also seeks leave to file a

new delayed appeal and requests a transcript at state's expense. We deny the application to reopen and the motion for leave to file delayed appeal. This renders the request for transcript at state's expense moot.

{¶ 2} Chandler was convicted of two counts of felonious assault stemming from a neighbor dispute that escalated to the point where Chandler shot a disputant and a seven-year-old bystander. He appealed these convictions to this court, assigning the following errors for review:

> I. The trial court erred to the prejudice of the appellant by failing to instruct the jury as to defense of another.
>
> II. The trial court erred to the prejudice of the appellant by permitting the state to elicit testimony regarding prior incidents in which the appellant had had guns taken from him in violation of the Evidence Rule 404(B).
>
> III. The trial court erred to the prejudice of the appellant by not allowing the jury to be told that the firearm specifications involved one- and three-year mandatory sentences, but merely identified them as "A" and "B."
>
> IV. The trial court erred to the prejudice of the appellant in denying the motion for dismissal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure, in that the evidence presented was insufficient as a matter of law, and the verdict was against the manifest weight of the evidence.
>
> V. The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to a total of eight years imprisonment, as said sentence is excessive.

{¶ 3} On November 16, 2017, this court overruled these assigned errors and affirmed Chandler's convictions. *Chandler* at ¶ 25.

{¶ 4} On February 23, 2018, Chandler filed a notice appeal and motion for leave to file delayed appeal to the Supreme Court of Ohio. The motion was denied, and the appeal was not accepted for review. *04/25/2018 Case Announcements*, 2018-Ohio-1600.

{¶ 5} Almost four years later, on February 24, 2022, Chandler filed motions for leave to file a delayed appeal and for transcript at state's expense. In the alternative, Chandler sought to reopen his appeal. Chandler's filings list five proposed assignments of error:

> I. [Chandler's] rights were violated under the Sixth Amendment the right to effective assistance to trial counsel who had failed to "request a mistrial" and further failing to have this request preserved on the record to be reviewed by a higher court prejudiced the defendant to fair trial.
>
> II. It was ineffective assistance of trial counsel under the Sixth Amendment where trial counsel failed to have state key witness investigated, Timothy Evans who evaded the Cleveland Police two months before trial which violated [Chandler's] rights under the confrontation clause to the U.S. Constitution.
>
> III. Appellate counsel was ineffective for failing to raise the trial court erred by failing to merge the firearm specification because two counts of felonious assault were committed as part of the same transaction, allied offenses of similar import.
>
> IV. It was ineffective assistant [sic] of appellant counsel for never meeting with the defendant appellant to discuss the case at bar failing to raise the issue of ineffective assistance of trial counsel, not informing [Chandler] of the decision rendered by the court of appeal[s], further to abandon [Chandler] without promptly delivering to the client papers and property; correspondence, pleadings, depositions, transcripts, exhibits, physical evidence, expert reports, and telling [Chandler] he didn't want to appeal his case to the Ohio Supreme [Court] because he had a gun case which fell below the reasonableness of professional conduct Rule 1.16(i)(4)(c)(d).

V. Trial counsel was ineffective for not having a forensic expert to testify concerning the alleged gunshot wounds of the victims and to give expert testimony concerning the 45 caliper [sic] weapon which was used in the commission of the alleged crime.

The filings list these proposed assigned errors, but do not offer any arguments in support. The state did not timely file opposition to Chandler's filings.

{¶ 6} We turn first to Chandler's motion for leave to file a delayed appeal. Chandler already had a direct appeal decided on the merits. A motion for delayed appeal cannot be used as a vehicle for successive appeals from the same judgment. *Rocky River v. Garneck*, 8th Dist. Cuyahoga No. 99072, 2013-Ohio-1565, ¶ 14. App.R. 5(A) does not provide a basis for rehearing or an additional opportunity for review of Chandler's judgment of conviction. *State v. Howard*, 2d Dist. Montgomery No. 27748, 2017-Ohio-9395, ¶ 3. To the extent Chandler seeks a delayed appeal, the motion for leave to file a delayed appeal is denied.

{¶ 7} Chandler also seeks to have a complete transcript at state's expense provided to him as part of his delayed appeal. Our decision denying Chandler's motion for leave to file a delayed appeal renders this motion moot. Therefore, it is denied as moot.

{¶ 8} Because a delayed appeal is not possible within the facts of the present case, this court will treat Chandler's filings as an application for reopening with proposed assignments of error.

{¶ 9} Pursuant to App.R. 26(B), a defendant may raise claims of ineffective assistance of appointed appellate counsel. However, the rule has procedural

requirements that must be satisfied in order to succeed. One such requirement is that the application must be filed within 90 days of the date of journalization of the appellate decision sought to be reopened. App.R. 26(B)(2)(b). The opinion issued in Chandler's appeal was journalized on November 16, 2017. Chandler filed his application to reopen more than 1,500 days later. Where an application is not timely filed, it must set forth sufficient good cause to excuse the delay. App.R. 26(B)(2)(b). Where an application for reopening is not timely filed and the application fails to allege good cause for the delay, the application must be denied. *State v. Jarrells*, 8th Dist. Cuyahoga No. 99329, 2014-Ohio-4564, ¶ 8.

{¶ 10} Here, Chandler has not indicated why he could not timely file his application for reopening and why his delay in filing should be excused. The closest Chandler gets in addressing why he could not timely file his application is in his claim that he could not timely appeal to the Supreme Court of Ohio in his motion for leave to file a delayed appeal:

> [Chandler] had a timely appeal as of right. However [sic] could not alledge [sic] ineffective assistance of appellate counsel, that appellate counsel never met with [Chandler], to discuss the case or raise the question of ineffective assistance of trial counsel. Appellant was not informed about the decision rendered by the court of appeals, appellate counsel then abandoned her client did not promptly deliver to the client papers and property in violation of the Ohio Professional Conduct Rule 1.16(i)(4)(c)(d) [sic] never submitting correspondence, pleadings, despositions [sic], transcripts, exhibits, physical evidence, expert reports, and other items reasonable [sic] necessary to the clients [sic] representation.

{¶ 11} Access to transcripts and other legal materials has been found not to constitute good cause to excuse an untimely application for reopening. *State v.*

*Weems*, 8th Dist. Cuyahoga No. 102954, 2019-Ohio-3177, ¶ 7, citing *State v. White*, 8th Dist. Cuyahoga No. 101576, 2017-Ohio-7169. Further, just as in *Weems*, a lack of access to transcript and other materials does not explain the four-year delay in filing. *Id.* (explaining that lack of access to transcripts and other materials did not explain a three-year delay in filing the application). Chandler was aware of the appellate decision and his claimed ineffectiveness of appellate counsel at least since February 2018. Yet, he waited until February 24, 2022, to file his application for reopening.

{¶ 12} Over four years have passed since the journalization of the appellate decision, and Chandler does not offer any excuse for the dilatory submission of his application. Therefore, this court must deny his application for reopening without addressing the merits of the claims raised there.

{¶ 13} Application denied.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MICHELLE J. SHEEHAN, J., CONCUR