[Cite as *State v. Fields*, 2025-Ohio-5623.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                No. 109664

    v.                           :

DAVID FIELDS,                    :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 17, 2025

Cuyahoga County Court of Common Pleas
Case No. CR-17-622275-B
Application for Reopening
Motion No. 588854

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Morretto, Assistant Prosecuting Attorney, *for appellee*.

David Fields, *pro se*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Applicant David Fields, pro se, seeks to reopen his appeal in *State v. Fields*, 2021-Ohio-1880 (8th Dist.), in which this court affirmed Fields's convictions for aggravated robbery, kidnapping, and having weapons while under disability.

Because his application is untimely and Fields has not made a showing of good cause for the untimely filing, his application to reopen the appeal is denied.

## I.    Procedural History

{¶ 2}    In March 2020, Fields was convicted of two counts of aggravated robbery with one- and three-year firearm specifications (Counts 1 and 3), two counts of kidnapping with one- and three-year firearm specifications (Counts 2 and 4), and two counts of having weapons while under disability (Counts 6 and 7).  Fields was the "getaway driver" in a 2017 robbery of Gustav Julian Jewelers in Parma, involving two victims.  The aggravated robbery and kidnapping counts related to the first victim (Counts 1 and 2) merged for sentencing, the aggravated robbery and kidnapping counts related to the second victim (Counts 3 and 4) merged for sentencing, and the one- and three-year firearm specifications merged for sentencing.  The State elected to proceed to sentencing on Counts 1 and 3.  Fields was sentenced to a nine-year prison sentence — i.e., three years on each of two three-year firearm specifications, to be served prior to and consecutive to three years on each of the underlying offenses in Counts 1 and 3 and two years on Counts 6 and 7 (with the sentences on the underlying offenses to be served concurrently).  The sentences Fields received in this case were ordered to be served consecutively to sentences in another case, resulting in a total aggregate prison term of 15 years.

{¶ 3}    Fields appealed his convictions.  On appeal, Fields argued that his convictions were against the manifest weight of the evidence and that he was denied the effective assistance of trial counsel because of trial counsel's failure to raise a

*Batson* challenge during jury selection, failure to request to voir dire the jury after Fields described the nearly all white jury as "racist," failure to object to the admission of evidence, and failure to object to a flight/consciousness of guilt jury instruction. *Fields*, 2021-Ohio-1880, at ¶ 11 (8th Dist.). This court overruled Fields's assignments of error, and the appellate judgment affirming his convictions was journalized on June 3, 2021. *Id.* at ¶ 1, 24, 30-31. The Ohio Supreme Court declined to review the case. *State v. Fields*, 2021-Ohio-3336, *reconsideration denied*, 2021-Ohio-4289.

{¶ 4} More than four years later, on October 15, 2025, Fields, pro se, filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60 (1991). Fields asserts that he was denied the effective assistance of appellate counsel because appellate counsel failed to raise two additional assignments of error in his appeal: (1) the sentences imposed on the firearm specifications were contrary to law, i.e., "[t]he trial court erroneously imposed multiple three[-]year sentence for firearm specification felonies that were committed in the same act or transaction," and (2) the indictment was multiplicitous.

{¶ 5} In support of his application, Fields submitted an affidavit attesting to the truth of the matters set forth in his application and attached copies of excerpts of the trial transcript and what appear to be printed notes regarding various potential legal issues.

**{¶ 6}** The State opposed Fields's application for reopening on the grounds that (1) the application is untimely and Fields fails to show good cause for the untimely filing and (2) Fields fails to raise a colorable claim of ineffective assistance of appellate counsel.

## II. Law and Analysis

### A. Good Cause for Untimely Application

**{¶ 7}** Under App.R. 26(B), a defendant in a criminal case may apply for reopening of his or her appeal from the judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application must be filed within 90 days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. App.R. 26(B)(1), (2)(b); *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 1, 16 ("App.R. 26(B)(1) requires an applicant to file an application to reopen within 90 days of the date of journalization of the court of appeals' judgment or to 'show good cause' for the delay."). Where an application is not timely filed, the applicant must show, "within the body of the application itself," good cause to excuse the delay. *State v. Jones*, 2021-Ohio-1806, ¶ 5 (8th Dist.), citing App.R. 26(B)(2)(b).

**{¶ 8}** In this case, Fields is attempting to reopen the appellate judgment that was journalized on June 3, 2021 — more than four years before Fields filed his application for reopening. Fields does not mention any "good cause" for the untimely filing in the body of his application. However, an attachment to the application (which appears to be a printout of various typed notes) states:

Defendant in support reopen, showing of Good Cause for untimely Filing appeal, Case No. 109664. Defendant Daivd [sic] Fields Had Conceded the judgment of the jury verdict.in cr 17-622275),Do [sic] to the recently [sic] Decision in state v Logan May 21 2025 Ohio 1772[.]

{¶ 9} In *State v. Logan*, 2025-Ohio-1772, the Ohio Supreme Court held that R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence (rather than community-control sanctions) on an offender convicted of a felony offense that has a corresponding firearm specification. *Id.* at ¶ 1-2, 25. To the extent Fields is attempting to raise *Logan* as a basis for an untimely filing, he does not explain why *Logan* would present "good cause" for an untimely filing here. In this case, the trial court imposed prison sentences on both felonies with corresponding firearm specifications. Accordingly, *Logan* would not seem to apply. Further, even if *Logan* applied to the facts here, it alone would not present good cause for an untimely filing. *See, e.g., State v. Davic*, 2022 Ohio App. LEXIS 1010, *8 (10th Dist. Mar. 29, 2022) (rejecting argument that new court decisions provided "good cause" for the untimely filing of application for reopening because "an App.R. 26(B) application for reopening is premised upon a claim of ineffective assistance of appellate counsel and 'appellate counsel cannot be required to anticipate future changes in the law and argue such potential changes on appeal'"), quoting *State v. Sharp*, 2008-Ohio-5096, ¶ 3-4 (8th Dist.).

{¶ 10} "The 90-day requirement in the rule is 'applicable to all appellants.'" *State v. LaMar*, 2004-Ohio-3976, ¶ 9, quoting *State v. Winstead*, 74 Ohio St.3d 277, 278 (1996). "Consistent enforcement of the rule's deadline by the appellate courts

in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

{¶ 11} "'Lack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek timely relief' under App.R. 26(B)." *LaMar* at ¶ 9, quoting *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995). Indeed, even "identifying meritorious claims," i.e., "dead-bang winners," is not sufficient to establish good cause for an untimely filing. *See, e.g., State v. Williams*, 2025-Ohio-614, ¶ 7-8 (8th Dist.) (noting that in *Lamar* and *Gumm*, the Ohio Supreme Court held that the 90-day deadline for filing applications to reopen an appeal under App.R. 26(B) "must be strictly enforced").

{¶ 12} "The existence of good cause is a threshold issue that must be established before an appellate court may reach the merits of a claim of ineffective assistance of appellate counsel." *Wogenstahl*, 2024-Ohio-2714, at ¶ 21, citing *State v. Farrow*, 2007-Ohio-4792, ¶ 7 (holding that the court of appeals properly declined to reach the merits of the appellant's claim of ineffective assistance of counsel when the appellant failed to establish good cause for the delay in filing the application). "Where an application for reopening is not timely filed and the application fails to allege good cause for the delay, the application must be denied." *State v. Chandler*, 2022-Ohio-1391, ¶ 9 (8th Dist.). Here, Fields offers no reason why he could not timely file his application for reopening. As such, he has not made a showing of good

cause for the untimely filing, and his application to reopen his appeal must be denied. *See, e.g., Wogenstahl* at ¶ 21-22; *State v. Lenhart*, 2024-Ohio-462, ¶ 10 (8th Dist.); *Chandler* at ¶ 9; *State v. Thompson*, 2021-Ohio-3105, ¶ 28 (8th Dist.).

## B. Standard of Review on Applications for Reopening

{¶ 13} Further, claims of ineffective assistance of appellate counsel are evaluated under the same standard applied to claims of ineffective assistance of trial counsel announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *State v. Leyh*, 2022-Ohio-292, ¶ 17. Under this standard, "an applicant must show that (1) appellate counsel's performance was objectively unreasonable . . . and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Leyh* at ¶ 18, quoting *Strickland* at 687, 694.

{¶ 14} App.R. 26(B) establishes a two-stage procedure for adjudicating claims of ineffective assistance of appellate counsel. *Id.* at ¶ 19. In the first stage, an application for reopening "'shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.'" *Id.* at ¶ 21, quoting App.R. 26(B)(5). "The burden is on the applicant to demonstrate a 'genuine issue' as to whether there is a 'colorable claim' of ineffective assistance of appellate counsel." *Leyh* at ¶ 21, citing *State v. Spivey*, 84 Ohio St.3d 24, 25 (1998). "[A]ppellate counsel need not raise every possible issue in order to render constitutionally effective assistance." *State v. Tenace*, 2006-Ohio-2987, ¶ 7, citing

*Jones v. Barnes*, 463 U.S. 745, 751 (1983), and *State v. Sanders*, 94 Ohio St.3d 150, 151-152 (2002).

{¶ 15} If the applicant makes the required threshold showing, i.e., that there are "legitimate grounds" to support the claim that the applicant was deprived of the effective assistance of counsel on appeal, then the application shall be granted and the appeal reopened. *Leyh* at ¶ 25. The matter then "proceeds to the second stage of the procedure, which 'involves filing appellate briefs and supporting materials with the assistance of new counsel, in order to establish that prejudicial errors were made in the trial court and that ineffective assistance of appellate counsel in the prior appellate proceedings prevented these errors from being presented effectively to the court of appeals.'" *Leyh* at ¶ 22, quoting 1993 Staff Notes to App.R. 26(B).

{¶ 16} Even if Fields's application could be considered under App.R. 26(B), Fields does not demonstrate the existence of a genuine issue of a colorable claim of ineffective assistance of appellate counsel as to his proposed additional assignments of error.

### C. Fields's Proposed Additional Assignments of Error

### 1. Sentencing on Multiple Firearm Specifications

{¶ 17} With respect to his first proposed assignment of error, Fields argues that appellate counsel was ineffective because appellate counsel did not challenge the trial court's failure to merge Fields's convictions on the two three-year firearm specifications in his appeal. Fields contends that his convictions on the firearm specifications should have been merged for sentencing because the underlying

felonies were committed as part of the same act or transaction, i.e., "everything happen[ed] at the same time" as part of "a single robbery."

{¶ 18} Ordinarily, a trial court is prohibited from imposing multiple consecutive prison terms on multiple firearm specifications where the felonies are "committed as part of the same act or transaction." R.C. 2929.14(B)(1)(b). However, R.C. 2929.14(B)(1)(g) creates an exception to that general rule, mandating the imposition of multiple, consecutive prison terms on firearm specifications if a defendant is convicted of two or more felonies that include certain specified offenses. *See, e.g., State v. Bollar,* 2022-Ohio-4370, ¶ 11-12, 23-24; *State v. Peterson*, 2022-Ohio-835, ¶ 17-18 (8th Dist.); *State v. Young*, 2015-Ohio-2862, ¶ 8-10 (8th Dist.). R.C. 2929.14(B)(1)(g) provides:

> If an offender is convicted of . . . two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of . . . a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted . . . and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 19} Here, Fields was found guilty of two counts of aggravated robbery with corresponding firearm specifications. Accordingly, pursuant to R.C. 2929.14(B)(1)(g), the trial court was required to impose consecutive prison terms for each of the two most serious specifications. *See, e.g., State v. Bollar* at ¶ 1, 19, 23, 25 (trial court did not err in failing to merge firearm specifications for purposes

of sentencing and ordering them to be served consecutively because R.C. 2929.14(B)(1)(g) requires that certain offenders receive prison terms for multiple specifications and imposing separate prison terms for multiple firearm specifications is required even when the criminal offenses to which those firearm specifications are attached have been merged as allied offenses); *Peterson* at ¶ 15-18; *Young* at ¶ 8-10.[1]

{¶ 20} Because the trial court was required to impose consecutive sentences on the two three-year firearm specifications, Fields has not demonstrated a genuine issue of a colorable claim of ineffective assistance of appellate counsel for failing to raise this issue as an assignment of error in Fields's appeal.

## D. Multiplicitous Indictment

{¶ 21} With respect to his second proposed assignment of error, Fields argues that appellate counsel was ineffective because he did not challenge the indictment as being "multiplicitous" and, thus, contrary to law. He asserts that

---

[1] In support of his argument, Fields cites *State v. Hardnett*, 2019-Ohio-3090 (8th Dist.), and *State v. Wills*, 69 Ohio St.3d 690 (1994). Neither case supports reopening Fields's appeal. In *Hardnett*, this court reopened the defendant's appeal and found that the trial court had erred in imposing consecutive sentences on two firearm specifications. *Hardnett* at ¶ 1, 10-12. However, in *Hardnett*, unlike this case, the defendant had not been convicted of one of the particular offenses specified in R.C. 2929.14(B)(1)(g); the defendant pled guilty to attempted felonious assault and discharge of firearm on or near prohibited premises. *Id.* at ¶ 5, 7-8. The State conceded that R.C. 2929.14(B)(1)(g) was not applicable and that the trial court was prohibited from imposing consecutive prison terms with regard to the two firearm specifications because the offenses were committed as part of the same act or transaction. *Id.* at ¶ 10. In *Wills*, the Ohio Supreme Court held that the two armed robberies at issue were separate transactions and reinstated the trial court's three-year sentences on each of the two firearm specifications. *Wills* at 690-692.

because his aggravated-robbery charges resulted from a "a single course of conduct," they "constituted a single offense" and "one count should have been stricken from the indictment."

{¶ 22} In support of his argument, Fields cites *State v. Tate*, 2024-Ohio-5319 (8th Dist.). In *Tate*, this court considered whether multiple firearm specifications associated with the same felony were multiplicitous. *Id.* at ¶ 28, 30. The defendant was found not guilty of a one-year firearm specification on multiple counts, but guilty of a three-year firearm specification within the same count. He contended that he was prejudiced by defense counsel's failure to seek dismissal of the indictment as multiplicitous. *Id.* at ¶ 28. This court held that because firearm specifications are merely sentence enhancements, not separate criminal offenses, the inclusion of both one- and three-year firearm specifications in the indictment did not render the indictment multiplicitous or violate double jeopardy principles and, therefore, defense counsel was not ineffective for failing to seek dismissal of the indictment on multiplicity grounds. *Id.* at ¶ 29-31.

{¶ 23} The court explained:

> "An indictment is multiplicitous where it charges a single offense in multiple counts." *State v. Hendrix*, 2012-Ohio-2832, ¶ 51 (11th Dist.), citing *State v. Ross*, 2012-Ohio-536, ¶ 69 (9th Dist.). . . . "'[T]he vice of a multiplicitous indictment lies in the possibility of multiple punishments for a single offense in violation of the cumulative punishment branch of the Double Jeopardy Clause of the Fifth Amendment.'" *Id.*, quoting *State v. Childs*, 88 Ohio St.3d 558, 561, 2000-Ohio 425, 728 N.E.2d 379 (2000). . . . "In Ohio, the primary legislative statement on the multiplicity issue is found in R.C. 2941.25, concerning allied offenses of similar import." *Childs* at 561 . . . .

> "[C]ourts cannot apply the allied-offense analysis to specifications because the sentence imposed for a specification is a sentencing enhancement." *State v. Ladson*, 2017-Ohio-7715, ¶ 35 (8th Dist.) . . . . Because sentence enhancements are not criminal offenses, it follows that the inclusion of multiple sentence enhancements in an indictment does not render the indictment multiplicitous or violate double jeopardy principles.

*Id.* at ¶ 29-30.

{¶ 24} Fields's argument here is different. The court in *Tate* did not address whether the underlying criminal offenses were multiplicitous.

{¶ 25} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Where, however, "the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B). The Ohio Supreme Court has held that "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *State v. Ruff*, 2015-Ohio-995, ¶ 23, 26. Here, the indictment charged, and Fields was convicted of, one count of aggravated robbery for each of the two victims. Because there were two victims, Fields could be properly convicted of and sentenced on both counts of aggravated

robbery, even if they arose out of a single incident. *See, e.g., State v. Womack*, 2020-Ohio-574, ¶ 39-43 (8th Dist.); *see also State v. Hart*, 2020-Ohio-1640, ¶ 33-34 (5th Dist.); *State v. Yeager*, 2019-Ohio-1095, ¶ 53-55 (7th Dist.). Accordingly, Fields has not shown a genuine issue of a colorable claim of ineffective assistance of appellate counsel based on appellate counsel's failure to raise Fields's second proposed assignment of error.

{¶ 26} Accordingly, Fields's application is denied.

_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
LISA B. FORBES, J., CONCUR