[Cite as *State v. Martin*, 2026-Ohio-924.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,            :

                                              No. 113955

    v.                             :

JOSEPH MARTIN, JR.,                        :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** March 18, 2026

---

Cuyahoga County Court of Common Pleas
Case No. CR-23-679189-A
Application for Reopening
Motion No. 592534

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee*.

Joseph Martin, Jr., *pro se*.

TIMOTHY W. CLARY, J.:

{¶ 1} Joseph Martin, Jr. ("Martin"), pro se, has filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60

(1991), based on claims of ineffective assistance of appellate counsel. Martin is attempting to reopen the appellate judgment rendered in *State v. Martin,* 2025-Ohio-744 (8th Dist.), in which this court affirmed the trial court's judgment, finding that the trial court did not err in imposing consecutive sentences.

{¶ 2} For the reasons that follow, we deny Martin's application to reopen the appeal.

{¶ 3} App.R. 26(B)(1) provides:

> A defendant in a criminal case . . . may apply for reopening of the appeal from the judgment of conviction and sentence . . . based on a claim of ineffective assistance of appellate counsel.

Applications claiming ineffective assistance of appellate counsel must be filed within 90 days from journalization of the appellate judgment, unless the applicant shows good cause for the untimely filing. App.R. 26(B)(1) and (B)(2)(b).

{¶ 4} This court issued its decision on Martin's appeal on March 6, 2025, nearly one year before the filing of the instant application. Thus, Martin's application for reopening is untimely on its face.

{¶ 5} Martin acknowledges his application is untimely and cites lack of notice and abandonment by his appellate counsel as the reason for his delay. This argument is unpersuasive.

{¶ 6} The Ohio Supreme Court has recognized that App.R. 26's 90-day requirement "is 'applicable to all appellants'" and must be strictly enforced. *State v. LaMar*, 2004-Ohio-3976, ¶ 9, quoting *State v. Winstead*, 74 Ohio St.3d 277, 278 (1996), *State v. Williams*, 2025-Ohio-614, ¶ 7 (8th Dist.). "Consistent enforcement

of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

{¶ 7} We have previously held that the failure of appellate counsel to notify a defendant-appellant of the judgment of the court of appeals, as Martin asserts here, is not good cause for the untimely filing of an application for reopening. *State v. Alt* 2012 Ohio App. LEXIS 1803, * 4 (8th Dist. May 9, 2012), citing *State v. Mitchell*, 2007-Ohio-6190 (8th Dist.), *reopening disallowed*, 2009-Ohio-1874. "'Lack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek timely relief' under App.R. 26(B)." *LaMar* at ¶ 9, quoting *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995). Indeed, even "identifying meritorious claims," i.e., "dead-bang winners," is not sufficient to establish good cause for an untimely filing. *See, e.g., State v. Williams*, 2025-Ohio-614, ¶ 7-8 (8th Dist.) (noting that in *Lamar* and *Gumm*, the Ohio Supreme Court held that the 90-day deadline for filing applications to reopen an appeal under App.R. 26(B) "must be strictly enforced").

{¶ 8} "The existence of good cause is a threshold issue that must be established before an appellate court may reach the merits of a claim of ineffective assistance of appellate counsel." *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 21. "Where an application for reopening is not timely filed and the application fails to allege good cause for the delay, the application must be denied." *State v. Chandler*,

2022-Ohio-1391, ¶ 9 (8th Dist.).  Martin has failed to show good cause necessary to excuse the significant delay in the filing of his application and, therefore, his application must be denied.

{¶ 9} Application denied.

_____
TIMOTHY W. CLARY, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR